George HASTY, Appellant (Defendant),

v.

Lucinda HASTY, Appellee (Plaintiff).

No. 91–144.

Supreme Court of Wyoming.

March 12, 1992.

Bruce S. Asay, Cheyenne, for appellant.

Carol Serelson of Serelson and Serelson, Cheyenne, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

GOLDEN, Justice.

Appellant is a thrice-married parent of three minor children from his first two failed marriages and his present third marriage. He challenges the district court's interpretation and application of the federally mandated child support guidelines enacted in W.S. 20-6-301 through 306 (Supp. 1991) which resulted in an upward modification of the child support award he must pay on behalf of his minor child from the first marriage.

Appellant objected to his first wife's petition, sought on behalf of the parties' one minor child, for an upward modification of the $150 per month child support award as ordered in the parties' ten-year old divorce decree. Appellant asked the district court, as it interpreted and applied the child support guidelines, to give proper recognition to his support obligations to his two other minor children from his second and third marriages. In appellant's view, the district court would give such proper recognition by factoring in his three minor children when using the child support guideline matrix found in W.S. 20-6-304(a) to determine the rebuttably presumed correct amount of child support to award the minor child from appellant's first marriage.

In the district court's decision letter, later incorporated by reference into its modification order, the court acknowledged that the state legislature had provided for deviations from the child support guidelines, depending on the court-determined presence of one or more of the statutorily designated factors. The court declared, however, that appellant's argument did not fall within any of those factors, saying "this court has no choice but to apply the guidelines."

Finding error in the district court's decision that appellant's argument did not fall within any of the statutorily designated factors which may be considered for purposes of deviating from the child support guidelines, we hold that the district court abused its discretion in reaching its modification decision. We reverse and remand for further proceedings consistent with this opinion.

## FACTS

Appellant and his first wife, the appellee, were married in 1969, and had two children. The parties were divorced in 1982. In the divorce decree appellee was awarded custody of the children, and appellant was ordered to pay child support in the amount of $150 per month for each minor child. Appellant met those obligations, married a second time, and had one child from that marriage, which ended in divorce. Appellant, who does not have custody of the minor child from his second marriage, is paying child support in the amount of $166 per month. Now married a third time, appellant resides with his present wife and their minor child. Thus, appellant is supporting his three minor children.

When the parties' first child recently reached his majority, appellant ceased paying child support for that child as allowed by the original divorce decree. Appellee filed a petition for an upward modification of the child support for the parties' second child, who is still a minor. Answering the petition, appellant denied that an upward modification was warranted. A district court commissioner held a hearing on the petition and afterward submitted a report to the district court that recommended an increase of child support from $150 to $745 per month. The commissioner arrived at the increased amount using the statutory child support guidelines matrix:

**§ 20-6-304. Child support guidelines.**

(a) Child support shall be expressed in a specific dollar amount and shall be determined in accordance with the following guidelines:

| Obligor's Monthly Net Income | Number of Children | | | | | |
|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | 6 |
| $ 500-$1,000 | 17% | 25% | 30% | 32% | 37% | 42% |
| $1,001-$1,500 | 20% | 28% | 32% | 35% | 40% | 45% |
| $1,501-$2,000 | 22% | 29% | 32% | 40% | 40% | 45% |
| $2,001-$,3000 | 26% | 30% | 33% | 40% | 40% | 45% |
| $3,001- above | $780* | $900* | $990* | $1,200* | $1,200* | $1,350* |

\* Minimum dollar amounts.

In using that matrix, the commissioner determined that appellant's child support for the parties' one minor child must be twenty-six percent (26%) of appellant's monthly net income, as shown on the guidelines matrix.

Appellant objected to the commissioner's report on several grounds. He contended the commissioner, in error, strictly applied the child support guidelines matrix as if appellant had only one minor child to support, thus ignoring appellant's support obligations to his other two minor children from subsequent marriages. After receiving the commissioner's report, the district court reviewed further financial information from appellant and considered his objections. The district court issued its decision letter rejecting appellant's objections, holding the child support guidelines would be applied. The district court then entered its order modifying the parties' 1982 divorce decree, increasing the child support by $595 per month for the parties' minor child. Appellant filed this appeal.

## STANDARD OF REVIEW AND BACKGROUND

In a recent case, this court restated the standard of review applicable to appeals from child support modification orders and discussed features of the child support guidelines. *Roberts v. Roberts*, 816 P.2d 1293 (Wyo.1991). We need not here restate the applicable standard of review; rest assured, we shall apply it. We will, however, again discuss the background and the salient features of the child support guidelines, since the district court's allegedly erroneous application of them is the heart of this appeal.

Before the enactment of the child support guidelines legislation, either party to an original divorce decree could seek an upward or downward modification of a child support award under the authority of W.S. 20–2–113 and 116 (1987).[1] A petitioner who seeks child support modification under that authority must prove a substantial change of circumstances in order for the court to order a modification. *Nuspl v. Nuspl*, 717 P.2d 341, 345 (Wyo.1986). In any given case in which a substantial change of circumstances exists, "determi-

1. In pertinent part, the statutes provide:
   On the petition of either of the parents, the court may revise the decree concerning the care, custody, visitation and maintenance of the children as the circumstances of the parents and the benefit of the children requires. W.S. 20–2–113.
   After a decree for * * * other allowance for * * * children * * * the court may from time to time, on the petition of either of the parties, revise and alter the decree respecting the amount of the * * * allowance or the payment thereof * * * and may make any decree respecting any of the matters which the court might have made in the original action. W.S. 20–2–116.

nation of amounts of child support * * * invokes consideration of all of the circumstances including: (a) reasonable needs of the children; (b) reasonable contributory ability and responsibility of the father; and (c) reasonable contributory ability and responsibility of the mother." *Nuspl*, 717 P.2d at 345.

In *Nuspl*, the mother, as the custodial parent, petitioned for an upward modification of child support for the parties' three minor children. The noncustodial father resisted, claiming, among other things, he had remarried and had incurred expenses for his second wife and their two minor children. The parties did not dispute the existence of a substantial change of circumstances. The father, however, asserted the trial court abused its discretion in ordering an upward modification when it failed to consider the father's inability to pay in light of his remarriage and later-born children. *Nuspl*, 717 P.2d at 345. Responding to that assertion, this court reminded the litigants that in proceedings of this nature, "the paramount concern of the court is the child's welfare." *Id.* Tempering that statement, we acknowledged that a child support question must be decided with consideration of the paying parent's ability to pay, the receiving parent's spending habits, and all other surrounding circumstances. We also cautioned that, "[v]oluntary assumption of an additional obligation by remarriage or debt incurrence does not necessarily constrain responsibility to children of the prior marriage." We continued to recognize that, in the final analysis, child support decisions rest largely within the district court's exercise of discretion based upon all of the surrounding circumstances that exist in any particular case. *Id.*

Over the years a growing number of critics have challenged the system which allows child support decisions to be made on the ad hoc exercise of judicial discretion which has led to unacceptably low and comparatively inequitable child support awards. Some of the criticism points out that the American public has a vested interest in the continuing economic viability of the federal public assistance program, Aid to Families of Dependent Children (AFDC). Further, the taxpayers' burden increases whenever noncustodial parents fail to pay or underpay child support for their children who then must receive public assistance. Irwin Garfinkel and Marygold S. Melli, *The Use of Normative Standards in Family Law Decisions: Developing Mathematical Standards for Child Support*, 24 Family L.Q. 157, 159–62 (1990).

Congress responded to the challenge in 1984 through the child support amendments to Title IV–D of the Social Security Act.[2] This enactment required the states to develop guidelines in the form of mathematical formulae for use by the courts in setting child support awards and that it be done by October, 1987. Later, Congress required the states to treat those guidelines as "rebuttably presumed correct."[3] Heeding the federal call, the Wyoming state legislature enhanced the existing child support enforcement program through the enactment of W.S. 20–6–101 through 401 (Supp.1991). The child support guidelines are part of this legislation and embody the shift from ad hoc judicial discretion to presumptive standards in the establishment of child support awards.[4] These guidelines apply to both AFDC and non-AFDC children.

With the enactment of the guidelines, the legislature established a statutorily recognized "change of circumstances" which courts must deem sufficient to justify the modification of a support order. Under

2. Child Support Enforcement Amendments of 1984, Pub.L. No. 98–378, § 18(a), 98 Stat. 1305, 1321 (codified at 42 U.S.C. § 667 (1988)). Legislative history: S.Rep. No. 387, 98th Cong., 2d Sess. 1 (1984); and H.R.Conf.Rep. No. 925, 98th Cong., 2d Sess. 29 (1984) *reprinted in* 1984 U.S.C.C.A.N. 2397–478.

3. Family Support Act of 1988, Pub.L. No. 100–485, § 103(a), (b), 102 Stat. 2343, 2346 (codified at 42 U.S.C. § 667(b)(2) (1988)). Legislative history: S.Rep. No. 377, 100th Cong., 2d Sess. 1 (1988); and H.R.Conf.Rep. No. 998, 100th Cong., 2d Sess. 91 (1988), *reprinted in* 1988 U.S.C.C.A.N. 2776–3015.

4. Garfinkel and Melli, *supra,* at 159–60.

W.S. 20-6-306(a), a party may seek a child support modification based on application of the guidelines. The court applies the child support guidelines "to the circumstances of the parents or the child at the time of the review." Further, if "the court finds that the support amount would change by twenty percent (20%) or more per month from the amount of the existing order, the court shall consider there to be a change of circumstances sufficient to justify the modification of the support order." W.S. 20-6-306(a).

Regardless whether a party claiming a substantial change of circumstances and seeking modification proceeds under the authority of W.S. 20-2-113 and 116 or W.S. 20-6-306(a), the child support guidelines "shall be rebuttably presumed to be the correct amount of child support to be awarded." W.S. 20-6-302(a).

## DISCUSSION

Appellant, like the noncustodial father in *Nuspl*, concedes a substantial change of circumstances exists. And, like the noncustodial father in *Nuspl*, appellant contends the district court abused its discretion in ordering an upward modification without considering his ability to pay in light of his subsequent marriages and later-born minor children. When *Nuspl* was decided, however, the child support guidelines did not exist. Today, they do, and we must determine in what manner they inform the district court's modification decision.

■ Appellant asserts the trial court erroneously read and applied the child support guidelines matrix. He complains the court factored in only the parties' one minor child to derive the appropriate percentage figure by which to multiply appellant's monthly net income to determine the specific dollar amount of child support to which that one minor child is entitled. In appellant's view, a correct reading of the child support guidelines matrix requires the trial court to factor in all three of appellant's minor children when using the matrix, not the parties' one minor child. Appellant maintains the trial court can only

achieve an equitable apportionment among all of the minor children dependent upon appellant for support by factoring in *three* as the number of minor children when using the matrix. He argues if the court factored in only the parties' one minor child, the court would reduce appellant's minor later-born children to second class status, subordinate to the minor child of appellant's first marriage.

Although we disagree with appellant's preferred reading and application of the child support guidelines matrix, we hold the trial court erroneously concluded that it had to apply the guidelines strictly and could not deviate from them by considering appellant's support obligations to his two later-born minor children. "Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, we do not resort to rules of statutory construction. *Thomson v. Wyoming In-Stream Flow Committee*, Wyo., 651 P.2d 778 (1982)." *Wyoming Insurance Dep't v. Avemco Insurance Co.*, 726 P.2d 507, 510 (Wyo.1986).

■ We now focus on W.S. 20-6-302 and 304(a), which are the operative provisions for determining both the specific dollar amount that is rebuttably presumed to be correct and deviations from that amount. Those provisions must be read in *pari materia* to convey the clear and definite meaning that the court, in using the guidelines matrix, shall factor in only the number of minor children on whose behalf the modification proceeding is brought. In a modification proceeding the petitioner is seeking modification only for the number of minor children born of petitioner's marriage to the respondent. Only that number of minor children should logically be factored into the initial determination that produces an initial child support amount for modification purposes. That initial support amount so determined is only rebuttably presumed to be correct.

■ At the next stage of the modification process, the court in the exercise of its discretion may deviate from that initial child support amount by resort to those

factors expressly set forth in W.S. 20–6–302(b). A factor important to any respondent having later-born children from subsequent marriages is "[t]he responsibility of either parent for the support of others." W.S. 20–6–302(b)(iv). Thus, it is at this subsequent stage of the modification process that appellant's later-born minor children are factored into the final modification decision. Seen in this light, the modification process under the authority of the child support guidelines legislation represents no departure from the earlier established modification process under the authority of W.S. 20–2–113 and 116. Under either statutory authority, the noncustodial parent of a child from a prior marriage on whose behalf the modification petition is filed can ask the court to take into consideration that party's support obligation to later-born minor children from subsequent marriages. As stated in *Nuspl*, however, that party's voluntary assumption of additional obligations by remarriage "does not necessarily constrain responsibility to children of the prior marriage." *Nuspl*, 717 P.2d at 345.

■ Wyoming's child support guidelines represent a varying percentage-of-income standard.[5] Minnesota has also adopted that standard.[6] In a consistent line of decisions since adoption of the child support guidelines, Minnesota courts in child support modification cases have held that "children born to a later marriage are relevant to a decision on modification but are 'not to be factored into the child support guideline tables * * *.' *Erickson [v. Erickson*, 385 N.W.2d 301, 304 (Minn.1986)]; *see also Davis v. Davis*, 394 N.W.2d 519, 523 (Minn.Ct.App.1986)." *County of Ramsey v. Faulhaber*, 399 N.W.2d 617, 619 (Minn.App.1987).

Another Minnesota decision stated:

On remand, the trial court must also assess [the father's] needs and reasonable expenses. In so doing, the expenses incurred by [the father] in raising a second family may properly be considered. While an obligor cannot avoid his support obligation by voluntarily incurring new liabilities, including obligations to a second family, consideration can be given to later-born children in setting child support. Subsequent children are clearly relevant, but "are not to be factored into the child support guideline tables * * *." *Erickson v. Erickson*, 385 N.W.2d 301, 304 (Minn.1986).

*Ramsey County v. Shir*, 403 N.W.2d 714, 717 (Minn.App.1987).

Given our reasoning, similar to the Minnesota courts' concordant view under that state's legislative scheme, we hold the action of the district court was correct when it did not factor appellant's three minor children into the child support guidelines matrix. However, when the district court concluded it had to strictly apply the guidelines and could not take into consideration appellant's later-born minor children for purposes of determining the amount by which to upwardly modify the child support award for the parties' one minor child, it was in error. As noted, the district court may consider appellant's responsibility for the support of his later-born children. W.S. 20–6–302(b)(iv). The legislature has provided the district court a comprehensive list of factors to take into account when considering whether to deviate from the guidelines. We have previously emphasized that determination of child support amounts invokes consideration of all of the circumstances, including reasonable needs of the children and each parent's reasonable contributory ability and responsibility. *Nuspl*, 717 P.2d at 345. Under the child support guidelines, this premise has continued vitality today. Accordingly, we hold that whenever a district court is faced with a determination of child support amounts, it is not bound to apply strictly the child support guidelines of W.S. 20–6–304(a). After all, they are only guidelines. Rather, the court should, in the exercise of its broad discretion in this area of the law, give full consideration to the statutory

---

**5.** Garfinkel and Melli, *supra,* at 158 n. 7.　**6.** *Id.*

factors set forth in W.S. 20–6–302(b)(i)–(xiii) (Supp.1991).

Reversed and remanded.