Scott Michael SMITH, Appellant
(Plaintiff),

v.

Vikki Lynn SMITH, Appellee
(Defendant).

No. 93–77.

Supreme Court of Wyoming.

Nov. 10, 1993.

James K. Lubing, Jackson, for appellant.

Robert B. Brodie of Goody & Brodie, Jackson, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

MACY, Chief Justice.

Appellant Scott Smith (the father) appeals from the district court's order modifying the child support provisions of the divorce decree to provide an increase in monthly child support payments to Appellee Vikki Smith (the mother).

We affirm.

The father presents the following issue for our review:

I. Did [the mother] meet the necessary burden of proof and did the trial court abuse its discretion in not considering the [father's] ability to pay child support, the [mother's] financial condition and the needs of the children in rendering its order?

The parties were divorced on January 20, 1986, and the mother was awarded primary custody of the parties' two children. At the time the initial decree was entered, the parties agreed that the father's child sup-

port payments would be $150 per child per month. In May of 1989, the amount of the child support payments was increased to $215 per child per month pursuant to an agreement reached by the parties and affirmed by the district court.

On October 1, 1992, the mother filed a petition to modify the amount of the child support payments. She asserted that the amount would change by at least twenty percent if the statutory support guidelines were applied to the father's then-existing net income. After the district court held a hearing on the petition,[1] it found that a substantial change in the parties' circumstances had occurred since the modification had been made in May of 1989 and increased the father's child support obligation to $1,050 per month for both children.

The father filed a motion on December 29, 1992, for reconsideration of the district court's order. After holding a hearing, the district court denied the father's motion and affirmed its original order. The father appeals from the district court's decision.

Wyo.Stat. § 20–6–304 (Supp.1992)[2] established guidelines to be used in determining the proper amount of child support by taking into consideration the number of children and the obligor's monthly net income. The child support guidelines established by § 20–6–304 "shall be rebuttably presumed to be the correct amount of child support to be awarded in any proceeding to establish or modify temporary or permanent child support amounts." Wyo.Stat. § 20–6–302(a) (Supp.1992).[3] However, the court may deviate from the guidelines by looking to a comprehensive list of factors articulated in Wyo.Stat. § 20–6–302(b) (Supp.1992).[4] *Hasty v. Hasty*, 828 P.2d 94, 98–99 (Wyo.1992); *Roberts v. Roberts*, 816 P.2d 1293, 1295–96 (Wyo.1991).

The district court retains continuing jurisdiction to modify a divorce decree concerning matters of "care, custody, visitation and maintenance of the children as the circumstances of the parents and the benefit of the children require[ ]." Wyo. Stat. § 20–2–113(a) (Supp.1992).[5] *See also Nicholaus v. Nicholaus*, 756 P.2d 1338, 1340 (Wyo.1988). Any party may petition for a review of any child support order upon showing that a change of circumstances has occurred which will result in a twenty percent or greater variation in the amount of the support obligation. Wyo. Stat. § 20–6–306 (Supp.1992);[6] *Hasty*, 828 P.2d at 98; *Roberts*, 816 P.2d at 1295. The burden of proving that a change of circumstances has occurred is on the party seeking the modification. *Hinckley v. Hinckley*, 812 P.2d 907, 912 (Wyo.1991).

The district court has broad discretion in determining the proper amount of a child support award. *Roberts*, 816 P.2d at 1296. We will disturb the district court's ruling only upon a showing that the district court has abused its discretion. Abuse of discretion is defined as follows:

> " 'A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances.' "

*Roberts v. Roberts*, 816 P.2d 1293, 1297 (Wyo.1991) (*quoting Martinez v. State*, 611 P.2d 831, 838 (Wyo.1980)). *Glenn v. Glenn*, 848 P.2d 819, 821 (Wyo. 1993).

The father contends that the mother did not meet her burden of proving that a

---

1. Apparently, this hearing was not reported.

2. Amended by 1993 Wyo. Sess. Laws ch. 184, § 1 effective March 5, 1993.

3. *See supra* note 2.

4. *See supra* note 2.

5. Amended by 1993 Wyo.Sess.Laws ch. 159, § 1 and ch. 218, § 1 effective July 1, 1993.

6. *See supra* note 2.

sufficient change in circumstances had occurred to warrant the increase in support payments. He argues that the court should have considered other factors in addition to his increased income in modifying the support obligation.

The father's argument ignores the plain language of the statute and the facts of this case. Section 20–6–306(a) stated in pertinent part:

If, upon applying the guidelines to the circumstances of the parents or child at the time of the review, the court finds that the support amount would change by twenty percent (20%) or more per month from the amount of the existing order, the court shall consider there to be a change of circumstances sufficient to justify the modification of the·support order.

The plain wording of the statute establishes that modification of a support order is justified if the support amount would change by twenty percent or more. *Pauling v. Pauling*, 837 P.2d 1073, 1076–77 (Wyo.1992). When the mother filed the petition for a modification, the father's monthly net income was $3,828. The district court found that, under the child support guidelines, the father would be required to pay $1,148.40 per month in child support payments. Because the father was paying only $215 per child per month, or a total of $430, the child support amount would increase well over the twenty-percent requirement of § 20–6–306(a). The district court directed the father to pay $1,050 per month in child support for both children.

Additionally, the record indicates that the district court considered other factors than just the father's increased income in determining the proper amount for the support payments. The court indicated that it considered the father's commendable record of making support payments and the father's assumption of other obligations on behalf of the children as being important in making the child support award. In its order on the motion for reconsideration, the court also specifically referred to the mother's financial condition.

■ The heart of the father's complaint with the district court's decision is that the increased support obligation may prevent him from qualifying for a loan to construct a new home. The district court heard the evidence pertaining to the father's desire to build a new home. The father indicated that he wanted the new home in order to provide a nicer place for the children when they visited him. While we commend the father's efforts to provide a new home for the children, we agree with the district court's finding that, under the circumstances of this case, the father's desire to have a new home is not a sufficient basis for substantially reducing his child support obligation. The district court did not abuse its discretion. It properly considered the father's needs, as well as those of the children, in making its determination. *Hasty*, 828 P.2d at 98–99.

Finally, the mother asserts that the father's appeal was without merit and asks this Court to award reasonable fees and damages to her pursuant to W.R.A.P. 10.-05. We refuse to certify that no cause for this appeal existed.

Affirmed.