Joseph Morton SMITH, III, Appellant
(Defendant/Petitioner),

v.

Suzanne Elizabeth Leland SMITH,
n/k/a Suzanne Lym, Appellee
(Plaintiff/Respondent).

No. 93–264.

Supreme Court of Wyoming.

April 25, 1995.

John A. Thomas, Evanston, for appellant.

Roger Cowan of Harris, Morton & Cowan, P.C., Evanston, for appellee.

Before GOLDEN, C.J., and THOMAS, CARDINE,* MACY and TAYLOR, JJ.

* Retired July 6, 1994.

THOMAS, Justice.

The primary issue to be resolved in this case is whether the trial court abused its discretion in not following the child support guidelines in Wyo.Stat. § 20–6–304 (Supp. 1993), in an instance in which the parties had agreed upon the amount of child support. The trial court found good cause to deviate from the presumptive amounts established by the statutory formula, and it did not modify the amount of child support in response to the father's petition. We hold the failure to invoke the statutory guidelines does not demonstrate an abuse of discretion by the trial court and, when the amount of child support is set by agreement, the party seeking modification must demonstrate a material change in circumstances other than a twenty percent departure from the statutory guidelines. We affirm the Order Upon Defendant's Petition for Enforcement and Modification of Decree of Divorce and Order Modifying Decree of Divorce entered in the trial court.

Joseph Morton Smith, III (father), sets forth a single issue in the Brief of Appellant:

Whether the district court abused its discretion by refusing to reduce the present monthly child support amount of $3,000.00, which is more than three times greater than the presumptive guideline amount of $914.96.

Suzanne Elizabeth Leland Smith, n/k/a Suzanne Lym (mother), states two issues in her Brief of Appellee, as follows:

I. Whether modification of child support is mandatory if a 20% change in child support is shown pursuant to Wyoming Statute § 20–6–306 (1993, Cum.Supp.).

II. Whether failure to reduce child support to the amount set out in the child support guidelines in Wyoming Statute § 20–6–304(a) was an abuse of discretion.

The father's Reply Brief of Appellant refers to a third issue raised by the mother, the standard of review, but that is not really debated by the parties.

The father and the mother were divorced in 1988. At that time, their two children were seven and four. The decree of divorce was based upon a stipulation providing for sole legal custody of the children in the mother. The father agreed to pay $5,000 per month child support and, in addition, he was to deposit $200 each month into a savings account for the children. He further was required to maintain the children's health insurance and pay their medical, dental, and optometric expenses not covered by insurance. There was no provision for alimony, but the father was required to maintain health insurance for the mother until she became fully employed.

In 1990, the father sought modification of the decree to provide for more liberal visitation, an abatement of child support as allowed by statute, and a reduction in child support. During the trial held on that petition, the parties arrived at a settlement, which was approved by the court in an Order Modifying Divorce Decree. The support payments were reduced to $3,000 per month; the statutory abatement was allowed; the medical expenses were adjusted; and the father's visitation rights were enhanced.

A little more than two years later, the father presented a new petition for modification of child support. His justification was the relocation of his practice in general surgery from Evanston to Santa Fe, New Mexico. That choice was made because of the stress of practicing surgery as the only general surgeon in Evanston. The father had experienced that circumstance once before, and he did not want to repeat it.

At the time of the first modification, the father had a net monthly income of $6,500 out of which he was paying $5,000 in child support. When the hearing was held on the later petition for modification, a certified public accountant testified the father's net monthly income from the Santa Fe practice was $3,968. That testimony was based upon the accountant's evaluation of the practice the father had purchased in Santa Fe. The mother's net monthly income was $1,400 at the time of the first modification, and it was a few dollars less at the time of the hearing on the second petition.

Pursuant to Wyo.Stat. § 20–6–304(a)(ii) (1994), the presumptive child support for the father would be $914.96, which is more than the twenty percent change contemplated by

WYO.STAT. § 20–6–306(a) (1994). In addition, the father points out he has remarried and has a new child born of the second marriage. He presented evidence that he has been turned down for a home mortgage loan because of the ratio between his child support obligation and his income.

The trial court refused to reduce the amount of child support from the $3,000 per month agreed upon by the parties in 1990. In support of its decision, the trial court made these pertinent findings:

2. Prior to Defendant/Petitioner's Petition filed herein, Defendant/Petitioner had twice before, by Stipulation and Agreement, settled upon and agreed to an amount to be paid for child support.

3. At the time of the divorce, July 11, 1988, the parties agreed to child support in the sum of $5,000.00 per month. Said $5,000.00 per month did not conform to the child support guidelines existing at that time.

4. The child support required by the original Decree of Divorce herein was modified and reduced in January, 1991, again by agreement and stipulation of the parties, to $3,000.00 per month. Said $3,000.00 per month was substantially in excess of the guidelines in effect at that time, as set out in Wyoming Statute § 20–6–304(a) (1990, Cum.Supp.). Said stipulation and agreement for child support and visitation was entered into by the parties knowingly and voluntarily, with consideration, and said stipulation and agreement therefore became a contract between the parties. The Court approved and ratified said contract in its Order dated January 8, 1991.

5. Defendant, by his Petition for Enforcement and Modification of Decree of Divorce and Order Modifying Decree of Divorce, now seeks to rescind his contractual agreement. There is no basis for recision. The contract is not unconscionable, there was no mutual mistake of fact, nor material or substantial change in circumstance which would render enforcement of the contract unfair, unjust or unconscionable. Further, Defendant's financial condition is substantially the same on the date hereof, as it was at the time he agreed to his current support obligation.

6. Since entry of the Order Modifying Decree of Divorce, in January, 1991, wherein the child support was reduced to and established at $3,000.00 per month, Defendant/Petitioner has moved from Evanston, Wyoming to Santa Fe, New Mexico, and has had another child with his present wife. All of these events are voluntary on the part of Defendant/Petitioner and do not constitute a material change of circumstances.

7. Child support currently paid by Defendant/Petitioner in fact deviates by 20% from the presumptive child support set out in the guidelines set out in Wyoming Statute § 20–6–304(a) (1993, Cum.Supp.), however, such deviation does not establish sufficient cause to modify the existing support order herein.

8. There is good cause for the Court to deviate from the presumptive guideline amount set out in Wyoming Statute § 20–6–304(a) (1993, Cum.Supp.). Those reasons are that the parties agreed upon the amount of child support; none of the parties' prior agreements for child support were based upon guidelines in effect at the time of the agreements; Plaintiff/Respondent, at the time of the divorce waived alimony and received a disproportionately low amount of property settlement; the needs of the children require child support in excess of the presumptive amounts; the Defendant/Petitioner has the ability to pay the child support currently ordered; and any reduction in the income of Defendant/Petitioner is a result of his voluntary acts.

There is no question the statutory scheme justifies a departure from the presumptive child support provided by law. WYO.STAT. § 20–6–302(b) (1994) provides:

(b) A court may deviate from the presumptive child support established by W.S. 20–6–304 upon a specific finding that the application of the presumptive child support would be unjust or inappropriate in that particular case. In any case where the court has deviated from the presumptive child support, the reasons therefor

shall be specifically set forth fully in the order or decree. In determining whether to deviate from the presumptive child support established by W.S. 20–6–304, the court shall consider the following factors:

(i) The age of the child;

(ii) The cost of necessary child day care;

(iii) Any special health care and educational needs of the child;

(iv) The responsibility of either parent for the support of other children, whether court ordered or otherwise;

(v) The value of services contributed by either parent;

(vi) Any expenses reasonably related to the mother's pregnancy and confinement for that child, if the parents were never married or if the parents were divorced prior to the birth of the child;

(vii) The cost of transportation of the child to and from visitation;

(viii) The ability of either or both parents to furnish health, dental and vision insurance through employment benefits;

(ix) The amount of time the child spends with each parent;

(x) Any other necessary expenses for the benefit of the child;

(xi) Whether either parent is voluntarily unemployed or underemployed. In such case the child support shall be computed based upon the potential earning capacity (imputed income) of the unemployed or underemployed parent. In making that determination the court shall consider:

(A) Prior employment experience and history;

(B) Educational level and whether additional education would make the parent more self-sufficient or significantly increase the parent's income;

(C) The presence of children of the marriage in the parent's home and its impact on the earnings of that parent;

(D) Availability of employment for which the parent is qualified;

(E) Prevailing wage rates in the local area;

(F) Special skills or training; and

(G) Whether the parent is realistically able to earn imputed income.

(xii) Whether or not either parent has violated any provision of the divorce decree, including visitation provisions, if deemed relevant by the court; and

(xiii) Other factors deemed relevant by the court.

We have had occasion to consider the statutory provisions in the context of petitions to modify child support in several instances. *Cranston v. Cranston,* 879 P.2d 345 (Wyo. 1994); *Smith v. Smith,* 863 P.2d 624 (Wyo. 1993); *Pauling v. Pauling,* 837 P.2d 1073 (Wyo.1992); *Hasty v. Hasty,* 828 P.2d 94 (Wyo.1992); *Roberts v. Roberts,* 816 P.2d 1293 (Wyo.1991); and *Morehead v. Morehead,* 811 P.2d 721 (Wyo.1991). In *Morehead,* we articulated the proposition that the guidelines structure a rebuttable presumption that constitutes a goal upon which judicial discretion remains in place to deviate from the guidelines. In *Roberts,* we noted the twenty percent deviation establishes a change of circumstances sufficient to justify a modification, but we held the court may deviate from the guidelines if it articulates a finding on the record that the application of the guidelines would be unjust or inappropriate. In *Hasty,* we identified an abuse of discretion by the district court in concluding it had to apply the guidelines strictly and could not deviate from them by considering support obligations to later-born minor children. In *Pauling,* we rejected an argument that the statute requires modification of child support upon a finding there would be a twenty percent change by application of the guidelines. There, we rearticulated the concept of a rebuttable presumption that modification would be warranted when application of the guidelines demonstrated the twenty percent deviation. We held the trial court's discretion to deviate with respect to modification of an existing support order refuted the argument that the legislature had interfered with the discretion of the court. In *Smith,* we held there had been no abuse of discretion in ordering a change in child support which resulted in nearly a threefold increase. We held there was no abuse of discretion

even though the increase inhibited the father from qualifying for a home mortgage loan. Most recently, in *Cranston,* our ruling stated the trial court had not abused its discretion in light of evidence demonstrating a lack of substantial contributions by the father beyond the monetary child support which would justify deviation from the guidelines.

 These constructions of the statute have evolved in view of our standard proposition that modification of divorce decrees is appropriate only in limited circumstances.

> The party seeking modification must establish there has been a material and substantial change in circumstances which outweighs the interest of society in applying the doctrine of *res judicata. Pauling v. Pauling,* 837 P.2d 1073 (Wyo.1992); *Crawford v. Crawford,* 828 P.2d 1192 (Wyo. 1992); *Dorr v. Newman,* 785 P.2d 1172 (Wyo.1990); *Mentock v. Mentock,* 638 P.2d 156 (Wyo.1981). The trial court is vested with discretion to modify the provisions of the divorce decree and, absent a grave abuse of that discretion, we will not disturb its decision. *Parry v. Parry,* 766 P.2d 1168 (Wyo.1989); *Manners v. Manners,* 706 P.2d 671 (Wyo.1985). The standard we apply in review of cases asserting abuse of discretion as an issue is whether the trial court reasonably could have concluded as it did. *Rude v. State,* 851 P.2d 20 (Wyo.1993), and *Parry* (both citing *Martinez v. State,* 611 P.2d 831 (Wyo.1980)).

*Jones v. Jones,* 858 P.2d 289, 291 (Wyo.1993). This policy manifests a balance between the doctrine of finality of judgments which is supported by the doctrine of *res judicata* and the statutes providing for modification of the provisions of a decree relating to child custody, support, and alimony. The trial court is charged with resolving that tension, and it must do so in the exercise of discretion. The discretion afforded the trial judge is encompassed in Wyo.Stat. § 20–6–302(b). The discretion is guided by a list of thirteen factors, but the final one, "[o]ther factors deemed relevant by the court * * *," is a classic acknowledgment of judicial discretion.

 The child support guidelines identify a base from which the judge must invoke the exercise of discretion. In the absence of an agreement with respect to child support, the guidelines will have a more significant controlling impact. When an agreement as to child support is involved, however, more weight may be given to the agreement. Child support agreements entered into by the parties are favored by the courts. *Beard v. Beard,* 368 P.2d 953 (Wyo.1962).

The reasons the judge identifies to deviate from the guidelines "shall be specifically set forth fully in the order or decree." Wyo. Stat. § 20–6–302(b). In this instance, the trial court accepted the twenty percent deviation as manifesting a material change in circumstances which required a hearing. The position of the father was that the change in circumstances, which required the hearing, also required a modification of child support. In addition, he articulated other changes of circumstance relating to the obligation to support a child of his second marriage and, also, an apparent reduction in his gross income. Nothing further was presented to justify a modification of child support.

The mother urged the court to consider factors outside the twenty percent deviation from the guidelines. She referred the court to the reasons underlying the original support agreement and the subsequent modification agreement. She contended, in light of these circumstances, any actual modification of the child support had to depend on something other than the twenty percent deviation from the guidelines.

It is clear the trial judge had in mind the factors to be considered in deciding whether to further modify the child support. He said, "I think we are dealing with that whole laundry list, including the final one, which is other factors—." The trial judge is charged with not only recognizing the policy of finality, but also the statutory justification for modification. The weight given to these factors is a matter within the exercise of his sound discretion.

As we look at the statutory list, it is clear some of the articulated factors are not applicable in this instance, such as cost of child day care, expenses relating to the mother's pregnancy, and divorce decree violations. It is also apparent other articulated factors

have not changed substantially since the prior modification, including age of the children, special health or educational needs, the value of services contributed by the respective parents, the ability of the respective parents to provide health, vision, and dental insurance, necessary expenses for the benefit of a child, and other factors including the reasons supporting the two agreements and the policy encouraging parties to resolve their own disputes.

The court did consider the responsibility of the father to support a later-born child and also the effect on his income of relocation to Santa Fe. In light of those circumstances, the court modified the visitation schedule to expand summer visitation with the father to eight weeks and to clarify weekend and holiday visitation schedules. He also ordered the automobile transportation costs associated with summer visitation be assessed equally to the father and the mother. In addition, he provided for support abatement by one-half for the periods during which the father had physical custody for more than fourteen consecutive days.

The trial court declined, however, to modify the existing support order, giving significant weight to the policy encouraging settlement between parties and finality. The trial judge found the agreements were voluntary and were not based on the guidelines in effect at the time they were made. He also noted the agreement made at the time of the divorce waived alimony and provided, in his view, for a disproportionately low property settlement for the mother. He found the needs of the children required support in excess of the presumptive amounts; the father had the ability to pay the child support; and the father had control over any reduction in his income. Ultimately, the judge found that a demonstration of a material change in circumstances in addition to the twenty percent deviation from the support guidelines was not made. In the exercise of his informed discretion, the trial judge found good cause existed for deviation from the presumptive guidelines.

■ After examination of the record, we are satisfied the trial court reasonably concluded as it did, and it did not abuse its discretion. We remind parents child support is a legal obligation they owe to their children. *Macy v. Macy,* 714 P.2d 774 (Wyo. 1986). Further, we have said:

> [T]he child support guidelines are not a panacea. They do not provide sanctuary for parents seeking to escape responsibility for their children's welfare which may not be quantified in a statute but is still imperative.

*Cranston,* 879 P.2d at 351.

■ We hold a twenty percent differential between the presumptive support according to the guidelines and the amount required according to an existing child support order, while it does require a hearing, does not control the ultimate determination with respect to modification. WYO.STAT. § 20–6–302 invokes the discretion of the trial judge, in the modification hearing, to weigh the enumerated thirteen factors and also the presence or absence of an agreement in light of the policy favoring finality. In instances in which the parties have arrived at an agreement as to child support previously, even when the support agreed to deviates by more than twenty percent from the presumptive guidelines, the petitioner must introduce other evidence of a material change in circumstances in order to justify a modification. We affirm the conclusion of the trial court that, in this instance, the father failed to meet that burden.

The Order Upon Defendant's Petition for Enforcement and Modification of Decree of Divorce and Order Modifying Decree of Divorce is affirmed.