Todd Allen WRIGHT, Appellant
(Defendant/Petitioner),

v.

Kandi Leigh WRIGHT, Appellee
(Plaintiff/Respondent).

No. 99–257.

Supreme Court of Wyoming.

April 26, 2000.

Representing Appellant: Bruce Horton, Douglas, WY. Argument presented by Mr. Horton.

Representing Appellee: Thomas E. Campbell, Douglas, WY. Argument presented by Mr. Campbell.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

HILL, Justice.

Appellant, Todd Allen Wright (Father), petitioned for an adjustment to his child support obligations due to a decrease in his income. The district court denied his petition. Father contends that the district court erroneously applied the applicable precedents of this Court, as well as the governing statute. Based upon our analysis of those contentions, we reverse and remand.

## ISSUES

The issues stated by the parties express little more than what we have set out in our opening paragraph, except that they are at the opposite poles of that proposition. Appellee, Kandi Lee Wright (Mother), has added a second issue to her brief, asking that we impose sanctions on Father pursuant to W.R.A.P. 10.05, because there was no reasonable cause for his appeal. Since our disposition is to reverse and remand, we will not, of course, discuss that second issue.

## FACTS

The parties were divorced by Decree entered on February 4, 1998. One provision of the Decree dealt with child support, and that provision was a recapitulation of a settlement agreement reached by the parties:

### CHILD SUPPORT

1. Pursuant to Wyo. Stat. § 20–6–301 *et. seq.*, the Court makes the following findings with regard to child support establishment:

a. *Parties' Income:* Parties are found, or imputed, to have the following net monthly income: Husband, $2,800; and Wife, $714. With regard to Wife, the Court has imputed the net income based upon her securing full-time, minimum wage employment.

b. *Presumptive support obligation:* Based upon this Court's orders herein related to custody and visitation and as required by Wyo. Stat. § 20–6–304, the presumptive support obligation of Husband for child support due wife is $720.00 per month.

c. *Consideration of factors to deviate from presumptive support:* * * *:

  1. None.

d. *Current support establishment:* That based upon these findings, the Court should set the obligation of Husband to pay child support to Wife at $720.00 per month, commencing February 1, 1998.

On June 1, 1999, Father filed a petition for review and adjustment of child support. He claimed that his monthly income had been reduced by an amount which qualified for an adjustment under Wyo. Stat. Ann. § 20–6–306(a) (LEXIS 1999), which provides:

(a) Any party, or the department of family services in the case of child support orders being enforced by the child support enforcement section, may petition for a review and adjustment of any child support order that was entered more than six (6) months prior to the petition or which has not been adjusted within six (6) months from the date of filing of the petition for review and adjustment. The petition shall allege that, in applying the presumptive child support established by this article, the support amount will change by twenty percent (20%) or more per month from the amount of the existing order. The court shall require the parents to complete a verified financial statement on forms approved by the Wyoming supreme court, and shall apply the presumptive child support set out in this article in conducting the review and adjustment. If, upon applying the presumptive child support to the circumstances of the parents or child at the time of the review, the court finds that the support amount would change by twenty percent (20%) or more per month from the amount of the existing order, the court shall consider there to be a change of circumstances sufficient to justify the modification of the support order. The provisions of this section do not preclude a party or assignee from bringing an action for modification of a support order, based upon a substantial change of circumstances, at any time. The commencement of aid under the personal opportunities with employment responsibilities (POWER) program, medical benefits under Title XIX of the Social Security Act, food stamps and supplemental security income (SSI) shall be considered a substantial change of circumstances requiring modification of child support.

We will not set out the details of the dollar amounts upon which the claim for an adjustment was based because there is some dispute as to the accuracy of the figures used by the district court in reaching its decision. Moreover, the exact figures involved play no role in our decision to reverse and remand.

## DISCUSSION

In its decision letter, the district court applied the figures supplied by the parties and determined that there was a 20% decrease in Father's monthly income. However, instead of making findings in accordance with the governing statutes, the district court held that the parties had reached a child support agreement and that, based upon a ruling of the Wyoming Supreme Court, it had no option but to follow that decision, "despite its shortcomings," and deny Fa-

ther's petition. The case the district court cited is *Smith v. Smith*, 895 P.2d 37, 42 (Wyo.1995). In a footnote to its decision letter, the district court opined that the holding of that case "... will actually discourage settlement of support issues, as both obligors and obligees will fear that they will be forever bound by their agreement. Further, this holding also limits modifications that would have kept support amounts close to the statutory guidelines. Attorneys drafting support agreements now must take care to include language avoiding this pitfall."

The district court's decision, and the footnote quoted above, ignored entirely *Sharpe v. Sharpe*, 902 P.2d 210 (Wyo.1995), which clarified the rule found in *Smith*. In the instant case, the parties settled the question of support by conforming Father's child support obligations to the statutory guidelines set out in Wyo. Stat. Ann. § 20–6–304. In *Smith*, the parties reached an "agreement" to forego the application of the child support guidelines. 895 P.2d at 38–39. In *Smith*, Mr. Smith initially entered into an agreement with Mrs. Smith to pay $5,000 per month in child support, even though that was an amount many times greater than the presumptive level of support. Later, the Smiths reached a second agreement which reduced Mr. Smith's child support obligation to $3,000 per month, an amount which was still many times greater than the presumptive support level. Mr. Smith then sought an adjustment of his child support obligations to bring them into line with the statutory level of presumptive child support. Based on those facts, we held that Wyo. Stat. Ann. § 20–6–302:

> invokes the discretion of the trial judge, in the modification hearing, to weigh the enumerated thirteen factors and also the presence or absence of an agreement in the light of the policy favoring finality. In instances in which the parties have arrived at an agreement as to child support previously, even when the support agreed to deviates by more than twenty percent from the presumptive guidelines, the petitioner must introduce other evidence of a material change in circumstances in order to justify a modification.

*Smith*, 895 P.2d at 42.

■ This Court then attempted to clarify the rule set forth above in *Smith* to apply

"only to cases in which the parties entered into a stipulation to child support amounts before the current guidelines were enacted but which deviated from the guidelines in existence at that time, and to stipulated child support amounts under the current guidelines which deviate from the current guidelines by twenty percent or more at the time the judgment was entered." *Sharpe*, 902 P.2d at 213. Thus, as clarified by *Sharpe*, the rule in *Smith* became: In instances in which the parties have arrived at an agreement as to child support previously, and when the support agreed to deviates by more than 20% from the presumptive guidelines, the petitioner must introduce other evidence of a material change in circumstances, in addition to a present 20% deviation, in order to justify a modification.

■ This rule attempts to eliminate the possible evil of a non-custodial parent agreeing to pay child support which exceeds 20% deviation to secure a custodial parent's signature on a stipulation, only to come back to court within six months and ask for modification based upon a 20% deviation. Or, in the alternative, to prevent a custodial parent from agreeing to a child support amount which exceeds a 20% deviation below the guidelines to secure a non-custodial parent's signature on a stipulation, only to come back within six months asking for modification based only upon a 20% deviation. This rule does not apply to situations in which the child support amount agreed to by the parties did not exceed a 20% deviation one way or another from the guidelines in existence at the time the stipulation was executed. Where the agreement reached by the parties with respect to child support is predicated upon the operation of the presumptive child support statute, *Smith* and *Sharpe* play no role in the process of review and adjustment of child support as provided for in § 20–6–306(a).

■ In this case the parties did not reach an agreement to set child support at a level which did not rely on the statutory guidelines; indeed, their settlement specifically invoked the statutory guidelines as the basis

for the settlement of the issue of child support. Thus, the district court erred in applying the rule enunciated in *Smith* under the circumstances of this case. *Sharpe*, 902 P.2d at 213.

## CONCLUSION

The Order of the district court denying Father's petition for an adjustment of child support is reversed, and this matter is remanded to the district court for further proceedings consistent with this opinion.