Michael Lynn COOK, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 95–266.

Supreme Court of Wyoming.

Dec. 16, 1996.·

Rehearing Dismissed Jan. 3, 1997.

Sylvia L. Hackl, State Public Defender; and Deborah Cornia, Appellate Counsel, Cheyenne, for Appellant (Defendant).

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Kimberly A. Baker, Assistant Attorney General, Cheyenne, for Appellee (Plaintiff).

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

TAYLOR, Chief Justice.

Appellant, Michael Cook, was convicted of aggravated assault and battery after an altercation with his estranged wife over physical custody of two of their children. Appellant claims that the district court erred when it refused to allow his surrebuttal testimony at trial and in its instruction to the jury.

We affirm.

## I. ISSUES

The parties present two issues for our consideration:

*Issue I*

Did the trial court abuse its discretion when it refused to allow Appellant to present surrebuttal testimony?

*Issue II*

Did the trial court erroneously instruct the jury on the law applicable to the case?

## II. FACTS

On January 29, 1995, Dottie Cook was separated from appellant, her husband of twenty-one years, and was seven and one-half months pregnant with their seventh child. That morning, Mrs. Cook was on the telephone with her brother while three of the children, Timmy (2), David (7), and Kelly (13), were eating breakfast at the table. As she spoke with her brother, Mrs. Cook responded to the call-waiting signal to find appellant on the second line asking to speak with David. Mrs. Cook explained she was on the other line and asked appellant to call back in fifteen minutes.

Uncertain as to whether appellant had called from his home in Montana or from Gillette, Wyoming, where Mrs. Cook lived, Mrs. Cook ended the call with her brother and called appellant's home telephone number. She spoke with her son Kasey (18) and asked if he knew where appellant was. In the midst of that conversation, Kelly ran into the living room and yelled that appellant had come into the house, taken Timmy, and left. Mrs. Cook dropped the telephone and ran outside. Appellant was sitting in his pickup with the two youngest children seated in the front next to him.

Mrs. Cook went to the truck, opened the driver's door, grabbed the steering wheel with her left hand, and reached over to shut off the ignition. A struggle ensued. Mrs. Cook testified that as she reached for Timmy, appellant pushed with his foot several times on her abdomen and legs. Eventually, her hold on the steering wheel was broken and she fell into the street. Appellant then drove away with the two children.

Mrs. Cook went into her home and called 911. An ambulance was dispatched to transfer Mrs. Cook to the hospital. In the meantime, appellant was stopped by Officer Thomas Walker approximately eight miles down the road toward Montana. After several questions, appellant was arrested and taken to the Campbell County Detention Center in Gillette.

A jury found appellant guilty of aggravated assault and battery. He was sentenced to not less than eighteen months nor more than sixty months, with all but 120 days suspended, and five years probation. From that conviction, appellant timely files this appeal.

## III. STANDARD OF REVIEW

Appellant contends the district court erred when it denied his request to testify in surrebuttal after hearing the State's rebuttal witnesses. A decision to allow surrebuttal testimony is within the sound discretion of the trial court. *Eckert v. State*, 680 P.2d 478, 483 (Wyo.1984); *Janski v. State*, 538 P.2d 271, 279 (Wyo.1975). As with other evidentiary rulings, a trial court's decision to exclude evidence will not be upset absent clear abuse of discretion. *Barnes v. State*, 858 P.2d 522, 527 (Wyo.1993). An abuse of discretion occurs when the court acts in a manner which exceeds the bounds of reason under the circumstances. *Id.* (*quoting Keser v. State*, 737 P.2d 756, 759 (Wyo.1987)). "Decisions of the trial court * * * are entitled to considerable deference and, as long as there is a legitimate basis for the trial court's ruling, that ruling will not be reversed on appeal." *Barnes*, 858 P.2d at 527. *See also Tennant v. State*, 786 P.2d 339, 343 (Wyo.1990).

## 520

## IV. DISCUSSION

### A. DID THE DISTRICT COURT ERR WHEN IT DENIED SURREBUTTAL TESTIMONY?

■ The circumstances under which surrebuttal testimony may be appropriate have been addressed by this court several times:

"'While it is true * * * that new facts brought out on rebuttal may properly be met by surrebuttal evidence, that rule does not permit surrebuttal merely to supply evidence which could have been given in chief or to cumulate additional evidence or to fortify evidence already given, or to supplement such evidence because it has been impeached upon rebuttal.'"

*Story v. State,* 721 P.2d 1020, 1040–41 (Wyo.), *cert. denied* 479 U.S. 962, 107 S.Ct. 459, 93 L.Ed.2d 405 (1986) (*quoting Janski,* 538 P.2d at 279 and *State v. Alexander,* 78 Wyo. 324, 324 P.2d 831, 839 (1958), *cert. denied,* 363 U.S. 850, 80 S.Ct. 1630, 4 L.Ed.2d 1733 (1960)).

■ At trial, during the prosecution's case-in-chief, the State questioned Officer Walker regarding his conversation with appellant when he took appellant to the Campbell County Detention Center. Officer Walker testified that appellant stated he did not strike his wife, but "only pushed her with his hands." Officer Walker was not questioned at that time regarding any other conversations he had with appellant.

During the defendant's case-in-chief, appellant testified on his own behalf. A portion of the cross-examination went as follows:

Q Mr. Cook, I want to ask you this question. Did you ever have a conversation at any time with Corporal Tom Walker where you told him I put my foot on Dottie's stomach—

A No.

Q —and I pushed but that is not a kick? Did you ever tell that at any time to Corporal Tom Walker?

A No.

After the defense rested its case, the prosecution called two rebuttal witnesses, Officer Walker and the bailiff, Allen Drury. Officer Walker testified that he and Bailiff Drury served appellant with some court papers af-ter appellant's arrest. Officer Walker testified that at the time of service, appellant stated "he had a problem with the case. It said he had kicked his wife in the stomach, and he said that isn't what happened. He said that placing your foot on someone and pushing is not kicking." The State then called Bailiff Drury. Bailiff Drury testified he had accompanied Officer Walker to serve court documents on appellant. Bailiff Drury testified he heard appellant say "he never struck her [Mrs. Cook] or kicked her but that he put his foot against her stomach and pushed to get her out of the car so he could drive away."

After this testimony was received, defense counsel requested an opportunity to allow appellant to testify in order to deny making the statements and clarify the inconsistency between appellant's earlier testimony and the testimony of Officer Walker and Bailiff Drury. The district court denied the request.

Appellant contends that had he been allowed to clarify his earlier testimony in surrebuttal, he would have testified that his conversation with Officer Walker may have included the statement, "placing a foot and shoving on somebody is not kicking." However, he would have testified he never stated that he had pushed his wife.

The district court did not abuse its discretion when it did not allow surrebuttal. The question posed to appellant during his cross-examination was whether he had ever made certain statements to Officer Walker. Appellant responded he did not. If appellant's complaint is that Officer Walker and Bailiff Drury misstated the exact wording of his statement, we see no reason why this issue could not have been addressed during cross-examination of the rebuttal witnesses. If appellant merely sought to repeat his testimony that he did not make the statement, this testimony would be cumulative. Therefore, the proposed surrebuttal testimony was not to refute new facts disclosed in rebuttal, but was merely a response to the impeachment of appellant's earlier testimony.

### B. DID THE DISTRICT COURT ERR WHEN INSTRUCTING THE JURY?

Appellant claims the district court also erred when it added a sentence to a jury

instruction proposed by appellant. After relating instructions to the jury on the elements and definitions of the crime of aggravated assault, the district court gave the following instruction:

### INSTRUCTION NO. 9

Unless a Court has made a custody and visitation decision each parent has equal rights to custody of minor children. Before a divorce is finalized if the parents cannot agree as to custody and visitation either may petition a judge who, after hearing evidence, will decide which parent will have custody and what visitation rights the other parent will have until the divorce is finalized. The law discourages self help by either parent in obtaining custody, particularly if violence is involved.

With the exception of the last sentence, this instruction was given as written by appellant. Although appellant's counsel expressed some misgivings when the revision was initially proposed, defense counsel stated during trial he had "no objection to [the instruction] as is * * *."

 Failure to object at trial constitutes a waiver of an alleged error unless the error rises to the level of plain error. *King v. State,* 780 P.2d 943, 952 (Wyo.1989) (*quoting Lauthern v. State,* 769 P.2d 350, 357 (Wyo. 1989)). To establish plain error, appellant must demonstrate that the record clearly shows a transgression of a clear and unequivocal rule of law which adversely affected appellant's substantial rights. *King,* 780 P.2d at 952–53; *Miller v. State,* 904 P.2d 344, 348 (Wyo.1995) (*quoting Vigil v. State,* 859 P.2d 659, 662 (Wyo.1993)); *Hodges v. State,* 904 P.2d 334, 341 (Wyo.1995) (*quoting Sandy v. State,* 870 P.2d 352, 358 (Wyo.1994)).

██ Appellant asserts that the inclusion of the final sentence was plain error because it: (1) misstated the law; (2) misled and confused the jury; and (3) allowed a directed verdict for the State. Each of these arguments must fail. Initially, appellant points to no "clear and unequivocal rule of law" which contradicts the last sentence of the instruction. In the past, we have noted with approval the fact that a party in a custody dispute did not resort to self-help. *Basolo v.*

*Basolo,* 907 P.2d 348, 355 (Wyo.1995). Certainly, appellant is not suggesting that the law remains neutral as to violent self-help in matters involving the custody of children.

Neither is the final sentence of the instruction misleading or confusing. To the contrary, the language inserted by the district court allowed the jury to understand the purpose of the instruction as it related to the defense theory. Appellant testified it was Mrs. Cook who perpetrated the violence and his only response was to avoid injury to himself or the children. In closing argument, appellant's counsel argued:

The law discourages self-help by either parent in obtaining custody, particularly if violence is involved. Who initiated the violence? There's only one person who initiated the violence in this matter.

Where did the physical infliction of violence take place? In the pickup truck, pickup truck that Mike Cook was in along with his two children. * * * Dorothy Cook doesn't have a right to be in that pickup truck. It's not hers. She opens the door and begins self-help. Who started the physical conflict and the violence? Dottie Cook. Again, try this little exercise here and see who under those circumstances started the physical confrontation and who continued the physical conflict?

As this excerpt illustrates, the final sentence of the instruction was clearly in step with appellant's theory of defense throughout the trial.

Finally, appellant's claim that the instruction promoted a directed verdict for the prosecution is also without merit. The instruction is neutral as to its application. It states that the law discourages self-help by *either parent*. It does not infer any specific "self-help" action which could be attributed solely to appellant. Thus, appellant fails to demonstrate any error, let alone plain error, in the instruction given by the district court.

### V. CONCLUSION

The district court did not err in refusing to allow appellant's surrebuttal testimony on the basis that it was offered merely to sup-

plement or fortify his earlier testimony. The jury instructions imparted correct information regarding the defense theory in a clear and concise manner. Appellant's conviction is affirmed.