# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 120

OCTOBER TERM, A.D. 2016

December 14, 2016

DAROLD M. BROWN,

Appellant
(Defendant),

v.

S-16-0154

TANA J. BROWN, n/k/a TANA J. BENNETT,

Appellee
(Plaintiff).

*Appeal from the District Court of Park County*
*The Honorable Steven R. Cranfill, Judge*

*Representing Appellant:*

Donna D. Domonkos, Domonkos Law Office, LLC, Cheyenne, Wyoming.

*Representing Appellee:*

George L. Simonton, Attorney at Law, Cody, Wyoming.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**BURKE, Chief Justice.**

[¶1]    Appellant, Darold M. Brown, failed to designate witnesses and exhibits in accordance with a pretrial scheduling order in this divorce proceeding.  As a result, the district court imposed sanctions.  It ruled that Mr. Brown could not present witnesses or exhibits at trial.  Mr. Brown challenges that ruling in this appeal.  We affirm.

## *ISSUES*

[¶2]    Mr. Brown presents one issue:  Did the district court abuse its discretion when it sanctioned him for discovery violations when Ms. Brown's counsel and the district court did not follow W.R.C.P. 37?  Ms. Brown states three issues:

> 1.    Is the issue set forth by Mr. Brown consistent with the district court's decision and the record?
>
> 2.    Did the district court abuse its discretion in restricting Mr. Brown from producing witnesses and evidence for failure to follow the Scheduling Order under Rule 16 of the Wyoming Rules of Civil Procedure?
>
> 3.    Is the appeal filed by Mr. Brown frivolous such that attorney fees and costs should be awarded to Appellee?

## *FACTS*

[¶3]    Mr. and Ms. Brown were married in 2009.  They had a child in 2010 and another in 2012.  On October 3, 2014, Ms. Brown filed a Complaint seeking a divorce from Mr. Brown.  Shortly thereafter, the district court was presented with a stipulated "Decree of Divorce with Minor Children" signed by both parties.  Neither party was represented by counsel.  The district court signed the proposed decree, and entered it six days after the Complaint had been filed.  The stipulated terms of the decree provided for joint legal and physical custody of the children and a division of specified property.

[¶4]    Approximately ten months later, on August 5, 2015, Ms. Brown, acting through counsel, filed a motion to vacate or modify the divorce decree.  In her motion, she alleged that the divorce decree had been entered less than twenty days after the complaint was filed, contrary to Wyo. Stat. Ann. § 20-2-108[1] (LexisNexis 2013).  She also contended

---

[1] That statute provides, in relevant part, that "a divorce decree shall not be entered less than twenty (20) days from the date the complaint is filed."

that the decree did not distribute all assets and debts, and that the agreed-upon joint custody was no longer in the children's best interests. Mr. Brown, also acting through counsel, filed a "Response to Plaintiff's Motion and Counterclaim" on August 25. The motion was originally scheduled to be heard on September 21. Mr. Brown sought a continuance and the motion was granted. Trial was rescheduled for October 27.

[¶5] On October 21, 2015, Ms. Brown filed a motion for sanctions. She alleged that the parties had agreed to exchange discovery on an informal basis and to exchange witness and exhibit lists. She asserted that her counsel had prepared an order incorporating these agreements and sent it to counsel for Mr. Brown, but had received no response. She also claimed that Mr. Brown had not abided by the agreement to provide witness and exhibit lists. On this basis, Ms. Brown asked the court to impose unspecified sanctions against Mr. Brown. She also asked that the trial be rescheduled and sought a scheduling order.

[¶6] A scheduling conference was held on October 28, and resulted in the entry of a "Scheduling Order." The order set a trial date and required the parties to exchange exhibits and a witness list by November 13, 2015. The order noted that the schedule was being set "with the consent and agreement of counsel for the parties."

[¶7] On November 18, 2015, Ms. Brown filed another motion for sanctions. She asserted that Mr. Brown had not complied with the November 13, 2015, deadline for exchanging exhibits and witness lists. This motion asked the court to sanction Mr. Brown by prohibiting him from offering exhibits or witness testimony at trial.

[¶8] The district court held a hearing on the motions for sanctions on December 2, 2015. Later that day, it issued a decision letter. The district court denied Ms. Brown's first motion for sanctions, but granted the later one, imposing the requested sanction of prohibiting Mr. Brown from presenting witness testimony or exhibits at trial.

[¶9] The trial was held over the course of two afternoons. Mr. Brown testified at the trial. Apparently, in accordance with the sanction order, he was not permitted to call additional witnesses or introduce exhibits.[2]

[¶10] The district court took the matter under advisement, and entered its decision letter on January 15, 2016, granting physical custody of the children to Ms. Brown, and establishing a visitation schedule for Mr. Brown. It noted that the Browns had agreed on the distribution of most of the property, and divided the remaining property and debt

---

[2] The trial transcript was not included in the record on appeal. The district court's decision letter indicates that Mr. Brown testified.

between the two. An order in conformance with the decision letter was entered on February 17, 2016. Mr. Brown filed an appeal from that order. We dismissed the appeal, finding that the order was not a final appealable order because it did not establish child support. The district court entered a "Stipulated Order on Child Support and Visitation" on May 31, 2016, and Mr. Brown filed this timely appeal.

## *DISCUSSION*

[¶11] Mr. Brown challenges the district court's decision imposing sanctions that prohibited him from presenting witnesses or exhibits at trial. "[T]he law is clear that district courts have broad discretion to impose sanctions under the Wyoming Rules of Civil Procedure. *See In re Guardianship of Bratton*, 2014 WY 87, ¶ 22, 330 P.3d 248, 253 (Wyo. 2014). Thus, '[w]e review decisions imposing sanctions for abuse of discretion.' *Id*." *Goforth v. Fifield*, 2015 WY 82, ¶ 21, 352 P.3d 242, 247 (Wyo. 2015).

[¶12] Mr. Brown concedes that he failed to comply with the November 13, 2015, deadline for providing exhibits and witness lists to Ms. Brown. He claims, however, that it was improper to impose sanctions because Ms. Brown had never filed a motion to compel discovery. Such a motion is provided for in W.R.C.P. 37(a)(2)(A), which provides that when a party fails to make a required disclosure, "any other party may move to compel disclosure *and* for appropriate sanctions." (Emphasis added.) Based on the rule's use of the word "and," Mr. Brown contends that a court may properly compel discovery and impose sanctions, but it may not impose sanctions without an order compelling discovery.

[¶13] The record reflects, however, that the district court did not impose sanctions for Mr. Brown's failure to comply with discovery requirements. It imposed sanctions because Mr. Brown violated the district court's scheduling order. In its decision letter, the district court indicated that Ms. Brown's first motion for sanctions alleged that Mr. Brown "did not comply with the informal discovery agreement." However, it explained, the "informal agreement was not ordered by the Court and that Motion for Sanctions is denied." The district court granted Ms. Brown's later motion for sanctions, which was "based upon a violation of the [Court's] Scheduling Order." The district court determined that "the Scheduling Order was approved by [Mr. Brown], and not followed." The district court imposed sanctions based on a violation of the scheduling order, not on a failure to comply with discovery requirements.

[¶14] W.R.C.P. 16(f) provides that, "If a party or a party's attorney fails to obey a scheduling or pretrial order . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C) and (D)." In turn, Rule 37(b)(2)(B) authorizes "An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the disobedient party from introducing designated matters in

3

evidence." Nothing in the language of Rule 16 or Rule 37 indicates that a motion to compel discovery is a prerequisite for sanctions imposed for failure to comply with a scheduling order.

[¶15] As the second prong of his appeal, Mr. Brown also contends that the district court's decision to impose sanctions was unreasonable, and an abuse of discretion, "considering the short amount of time [he] was given to comply with discovery." He points out that the Scheduling Order he violated was the result of a hearing held on October 28, 2015, and it required the exchange of exhibits and witness lists by November 13, 2015 – "[a] mere fifteen days." He further asserts that the result of the district court's imposition of sanctions was that the court was unable to consider all of the relevant evidence regarding the best interests of the children.

[¶16] We may agree with Mr. Brown's contention that the Scheduling Order moved this case along very quickly. The district court observed in its decision letter on sanctions that it did not "understand why this matter is being 'fast-tracked.'" Nevertheless, the tight deadlines imposed in the Scheduling Order were those agreed to by the parties at the scheduling conference. Mr. Brown agreed to the schedule below, but contends now that the schedule was unreasonable. As we have often explained, "we generally decline to review issues raised for the first time on appeal." *Kordus v. Montes*, 2014 WY 146, ¶ 10, 337 P.3d 1138, 1141 (Wyo. 2014) (citing *In re Lankford*, 2013 WY 65, ¶ 28, 301 P.3d 1092, 1101 (Wyo. 2013) and *Jones v. State*, 2006 WY 40, ¶ 7, 132 P.3d 162, 164 (Wyo. 2006)). Mr. Brown has provided no justification that would warrant our departure from that rule.[3] We find no abuse of discretion in the district court's decision to impose sanctions.

[¶17] Finally, we turn to Ms. Brown's claim that there was no reasonable cause for this appeal, and that we should award her attorney fees and costs pursuant to W.R.A.P. 10.05. That rule provides that we may sanction an appellant by awarding attorney fees and costs to the appellee if we certify that there was no reasonable cause for the appeal. However, what we said in *Hoffman v. Hoffman*, 2004 WY 68, ¶ 17, 91 P.3d 922, 927 (Wyo. 2004) applies equally in this case: "Such sanctions are rare, and we cannot say that this appeal is so lacking in merit as to qualify for sanctions, especially since it challenged a discretionary decision by the trial court."

[¶18] Affirmed.

---

[3] Mr. Brown also failed to provide a transcript of the trial. He has not referenced any offer of proof that he made below, and has failed to identify any witnesses he would have called to testify at trial or exhibits that he would have introduced.