# IN THE SUPREME COURT, STATE OF WYOMING

## 2021 WY 26___

**OCTOBER TERM, A.D. 2020**

February 11, 2021

DAROLD M. BROWN,

Appellant
(Defendant),

v.

S-20-0181

TANA J. BROWN, n/k/a TANA J.
FINK,

Appellee
(Plaintiff).

*Appeal from the District Court of Park County*
The Honorable Bobbi Dean Overfield, Judge

*Representing Appellant:*
    Christopher J. King, APEX Legal, P.C., Worland, Wyoming.

*Representing Appellee:*
    Colin M. Simpson, Burg Simpson Eldredge Hersh & Jardine, PC, Cody, Wyoming.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KAUTZ, Justice.**

[¶1]    Darold M. Brown (Father) appeals from the district court's order modifying his child support obligation to Tana J. Brown n/k/a Tana J. Fink (Mother).  Father claims the court erred by modifying child support without requiring Mother to show a material change in circumstances in addition to a twenty percent change in child support as calculated under the statutory guidelines.  We affirm.

## ISSUE

[¶2]    Did the district court err by modifying Father's child support obligation without requiring Mother to prove a material change in circumstances in addition to a twenty percent change in the support amount?

## FACTS

[¶3]    This divorce matter is before the Court for a second time.  *See Brown v. Brown,* 2016 WY 120, 385 P.3d 321 (Wyo. 2016).  The parties married in 2009, and two children were born to their union.  *Id., ¶* 3, 385 P.3d at 323.  On October 3, 2014, Mother, acting pro se, filed for divorce.  Just six days later, the district court entered a stipulated divorce decree.[1]  *Id.*  The decree incorporated the parties' agreement to share custody of the children and to deviate from the statutory presumptive child support amount by foregoing all support.  *See* Wyo. Stat. Ann. § 20-2-304 (LexisNexis 2019) (presumptive child support guidelines).

[¶4]    On August 5, 2015, Mother, who was then represented by counsel, filed a motion to vacate or modify the divorce decree.  *Brown, ¶* 4, 385 P.3d at 323.  She sought full custody of the children and a redistribution of some of the marital property and debts.  *Id.* The record before us does not reveal how the district court ruled on the motion to vacate the divorce decree; it simply indicates the matter was set for trial.  Prior to the trial, the district court sanctioned Father for discovery violations by "prohibiting [him] from presenting witness testimony or exhibits at trial."  *Id., ¶* 8, 385 P.3d at 323.

[¶5]    After a trial in December 2015, the district court granted Mother primary physical custody of the children, reallocated some of the marital property and debts between the parties, and ordered the parties to submit updated confidential financial affidavits so proper child support could be calculated.  *Id., ¶¶* 9-10, 385 P.3d at 324.  Father filed a notice of

---

[1] The timing of the original decree is not an issue before us.  However, Wyo. Stat. Ann. § 20-2-108 (LexisNexis 2019) states "a divorce decree shall not be entered less than twenty (20) days from the date the complaint is filed."

appeal; we dismissed his appeal because, without a ruling on child support, the order was not final.[2]  *Id., ¶* 10, 385 P.3d at 324.

[¶6]    The district court entered a stipulated child support order on May 31, 2016.  *Id.*  The order simply stated, "the current support which [Father] owes on a monthly basis is $755.00."  It did not explain how that amount was calculated or whether the amount was consistent with, or a deviation from, the presumptive child support amount set out in the statutory guidelines.  Father again appealed, claiming the district court abused its discretion by sanctioning him for the discovery violations.  *Id., ¶* 2, 385 P.3d at 323.  He did not raise any issue regarding child support.  *Id.*  We affirmed.  *Id., ¶* 1, 385 P.3d at 323.

[¶7]    Father commenced the current action on May 31, 2019, by filing a petition seeking modification of child custody, visitation, and support.  He claimed there had been a material change in circumstances since the 2016 custody order and the best interests of the children required the district court to award him "sole legal and primary physical custody of the minor children."  Regarding child support, he alleged it had been more than six months since the last order and Mother had changed employment, making it "necessary to review the amount of income of the parties and the child support being paid."  Mother answered the petition and admitted Father's allegations concerning child support.  The parties reached an agreement on all matters at issue in Father's petition except child support, which proceeded to trial.

[¶8]    At the beginning of the trial on April 9, 2020, Father orally moved to dismiss his petition.  Citing Wyoming Rule of Civil Procedure (W.R.C.P.) 41, the district court denied Father's motion because it was untimely and Mother had filed an answer to the petition and objected to dismissal.[3]  The court considered the parties' confidential financial affidavits and other trial evidence in determining their respective net incomes.  Using the child support guidelines, the court calculated the monthly presumptive joint support obligation for the parties' two children as $1,640.25, with Father's portion being $1,156.99.  The court determined the difference between the 2020 presumptive child support amount and the amount awarded in the 2016 order ($755.00) was $401.99.  Given the 2020 amount was more than a "twenty percent (20%) increase in presumptive child support," the court found "a substantial change [in circumstances] warranting further consideration by the [c]ourt."  The court deviated from the presumptive amount because Father was the primary provider for another child and ordered him to pay $900.00 per month.  Father filed a timely notice of appeal.

## DISCUSSION

---

[2] "Except in rare cases, 'all issues in a divorce should be resolved in a single decree.'"  *Begley v. Begley,* 2020 WY 77, ¶ 23, 466 P.3d 276, 284 (Wyo. 2020) (quoting *Loran v. Loran,* 2015 WY 24, ¶ 10 n.1, 343 P.3d 400, 402 n.1 (Wyo. 2015)).

[3] Rule 41(a)(1)(A) allows a plaintiff to voluntarily dismiss an action if the opposing party has not served a response to the complaint or the parties stipulate to a dismissal.

[¶9]    We generally review a district court's order on child support for abuse of discretion. *See, e.g., Stevens v. Stevens,* 2014 WY 23, ¶ 8, 318 P.3d 802, 805-06 (Wyo. 2014); *Bagley v. Bagley,* 2013 WY 126, ¶ 6, 311 P.3d 141, 143 (Wyo. 2013). This case, however, presents a question of law, which we review de novo. *Kimzey v. Kimzey,* 2020 WY 52, ¶ 13, 461 P.3d 1229, 1235 (Wyo. 2020) (citing *Walker v. Walker,* 2013 WY 132, ¶ 44, 331 P.3d 170, 179 (Wyo. 2013), and *Swaney v. Dep't of Family Servs.,* 2011 WY 105, ¶ 3, 256 P.3d 514, 515 (Wyo. 2011)).

[¶10]    A child support order may be modified under Wyo. Stat. Ann. § 20-2-311(a) (LexisNexis 2019), which states in relevant part:

> (a)    Any party . . . may petition for a review and adjustment of any child support order that was entered more than six (6) months prior to the petition . . . . The petition shall allege that, in applying the presumptive child support established by this article, the support amount will change by twenty percent (20%) or more per month from the amount of the existing order. The court shall require the parents to complete a verified financial statement on forms approved by the Wyoming supreme court, and shall apply the presumptive child support set out in this article in conducting the review and adjustment. If, upon applying the presumptive child support to the circumstances of the parents or child at the time of the review, the court finds that the support amount would change by twenty percent (20%) or more per month from the amount of the existing order, the court shall consider there to be a change of circumstances sufficient to justify the modification of the support order.

[¶11]    Applying the child support guidelines, the district court found Father's presumptive support obligation would change by more than twenty percent from the amount ordered in 2016, establishing a change in circumstances to justify a modification under § 20-2-311(a). Father does not take issue with the district court's calculations of the parties' net incomes or application of the child support guidelines to arrive at a presumptive support amount. Instead, he claims the district court erred by not requiring Mother to show a material change in circumstances in addition to the twenty percent change in support.

[¶12]    Father relies on a line of cases adopting a heightened requirement for modification of a child support order which was stipulated to by the parties and deviated from the guidelines in existence at the time the judgment was entered. *Kimzey,* ¶ 18, 461 P.3d at 1236; *Sharpe v. Sharpe,* 902 P.2d 210, 213-14 (Wyo. 1995); *Smith v. Smith,* 895 P.2d 37, 41-42 (Wyo. 1995). Under those conditions, the petitioner must show a material change

3

of circumstances other than, and in addition to, a twenty percent change in the amount of support. *Id.* *See also, Wright v. Wright,* 5 P.3d 61, 63 (Wyo. 2000) (when "the parties have arrived at an agreement as to child support previously, and when the support agreed to deviates . . . from the presumptive guidelines, the petitioner must introduce other evidence of a material change in circumstances, in addition to a present 20% deviation, in order to justify a modification"). The purposes of this rule are to encourage parties to agree on child support, lend integrity to stipulations, recognize the finality of judgments, and diminish unnecessary relitigation of matters already decided by the district court. *Kimzey,* ¶ 18, 461 P.3d at 1236 (citing *Sharpe,* 902 P.2d at 213-14). This narrow rule does not apply in the present case because although the 2016 child support order was stipulated to, there is no indication it constituted a deviation from the guidelines at the time.

[¶13] Wyo. Stat. Ann. § 20-2-307(a) (LexisNexis 2019) states in relevant part: "Every order or decree providing for the support of a child shall set forth the presumptive child support amount and shall state whether the order or decree departs from that amount." The 2016 child support order did not comply with the requirements of this statute. It did not set out the parties' net incomes, state the presumptive support under the guidelines, or declare the support awarded deviated from the presumptive amount. It simply stated Father owed $755.00 per month in support.

[¶14] Consequently, it is impossible to conclude the 2016 order deviated from the presumptive support amount. To the contrary, we must conclude it did not deviate from the presumptive amount of support, as the district court did not make any specific findings required for a deviation set out in § 20-2-307(b). The heightened requirement for modification of a child support order is, therefore, inapplicable and Mother's showing of a twenty percent change in support justified the district court's modification of Father's child support obligation under § 20-2-311(a).

[¶15] Affirmed.