# IN THE SUPREME COURT, STATE OF WYOMING

## 2022 WY 3

### OCTOBER TERM, A.D. 2021

**January 11, 2022**

CHARMAINE L. PARKER,

Appellant
(Respondent),

v.

S-21-0074

DAVID SPENCER COOK,

Appellee
(Petitioner).

*Appeal from the District Court of Natrona County*
The Honorable Kerri M. Johnson, Judge

*Representing Appellant:*
    Hampton M. Young, Jr., Casper, Wyoming.

*Representing Appellee:*
    Stacy E. Casper, Casper Law Office, LLC, Casper, Wyoming.

*Before FOX, C.J., and DAVIS, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KAUTZ, Justice.**

[¶1]    Charmaine L. Parker appeals from an order awarding her ex-husband, David Spencer Cook, custody of the parties' two minor children.  Ms. Parker argues the district court erred by (1) excluding some of her mental health and counseling experts as witnesses; (2) allowing Mr. Cook's rebuttal witness to offer hearsay testimony; and (3) prohibiting her from calling a surrebuttal witness.  We affirm.

## FACTS

[¶2]    Mr. Cook and Ms. Parker divorced in North Carolina in 2014, and Ms. Parker received custody of their two children, TMC and XMP.  Ms. Parker also had custody of four older children from previous relationships.  In 2019, law enforcement took the children into protective custody and arrested Ms. Parker, accusing her of assaulting an older half-sibling of TMC and XMP.  Eventually the juvenile court placed custody of TMC and XMP with Mr. Cook.  *See In the Interest of FP*, 2021 WY 77, 488 P.3d 943 (Wyo. 2021).  While the juvenile case was open, Mr. Cook filed a civil case asking the district court to modify the original custody order to award him custody of TMC and XMP.  The juvenile court closed its case, and Mr. Cook's custody modification action proceeded to trial.  At the beginning of the trial, Mr. Cook asked the district court to exclude some of Ms. Parker's expert mental health witnesses because she had not provided complete summaries of their proposed testimony and had not provided any of her medical, counseling, psychiatric, or other mental health records as requested in discovery and ordered by the court.  The district court excluded the witnesses.  After both sides presented their cases, Mr. Cook called a rebuttal witness, Brandy Haskins, to testify.  Ms. Parker objected to parts of Ms. Haskins' testimony as hearsay.  The district court overruled the objections and allowed the testimony.  Ms. Parker asked to present a surrebuttal witness at the conclusion of Ms. Haskins' testimony.  The district court denied that request.  Other facts related to each of these procedural and evidentiary matters are set out in the discussion below.

## STANDARD OF REVIEW

[¶3]    "A district court is generally afforded broad discretion, both in the mechanisms adopted to control discovery and in its selection of appropriate sanctions for violations of discovery" under Wyoming Rule of Civil Procedure (W.R.C.P.) 37.  *Black Diamond Energy, Inc. v. Encana Oil & Gas (USA) Inc.*, 2014 WY 64, ¶ 43, 326 P.3d 904, 915 (Wyo. 2014) (citing *Roemmich v. Roemmich*, 2010 WY 115, ¶ 22, 238 P.3d 89, 95 (Wyo. 2010)); *see also Windham v. Windham*, 2015 WY 61, ¶ 16, 348 P.3d 836, 841 (Wyo. 2015).  "[T]he law is clear that district courts have broad discretion to impose sanctions under the Wyoming Rules of Civil Procedure." *Brown v. Brown*, 2016 WY 120, ¶ 11, 385 P.3d 321, 324 (Wyo. 2016).  Therefore, we review the court's decision to impose sanctions for an abuse of discretion.  *Id.*  We review a trial court's interpretation of Rule 37 (as

1

opposed to its application of the rule) de novo. *Groskop as Tr. of Black Diamond Liquidating Litig. Tr. v. S&T Bank*, 2020 WY 113, ¶ 26, 471 P.3d 274, 282 (Wyo. 2020).

[¶4] Trial courts have "discretion in determining whether or not evidence is admissible. We will reverse a trial court's decision on the admissibility of evidence only if the trial court abused its discretion." *Clark v. Gale,* 966 P.2d 431, 435 (Wyo. 1998) (citing *MMOE v. MJE,* 841 P.2d 820, 828 (Wyo. 1992), and *Hodges v. State,* 904 P.2d 334, 340 (Wyo. 1995)). "'A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could [have] reasonably conclude[d] as it did.'" *Id.* (quoting *Hilterbrand v. State,* 930 P.2d 1248, 1250 (Wyo. 1997)). *See also, Rudy v. Bossard*, 997 P.2d 480, 483 (Wyo. 2000).

[¶5] "The admission of rebuttal evidence lies within the sound discretion of the trial court and an appellate court will not interfere except in cases of clear abuse of discretion." *United States v. Walton*, 552 F.2d 1354, 1366 (10th Cir. 1977).

## DISCUSSION

### A. Exclusion of Witnesses

[¶6] Mr. Cook requested, in discovery, all of Ms. Parker's "medical, counseling, psychiatric or other mental health records for the past five years." Those records related to the expert witnesses Ms. Parker planned to present at trial, as her witness designation indicated they would testify about evaluations, assessments, recommendations, and therapy provided to Ms. Parker and/or the children. Ms. Parker failed to provide the requested medical or mental health records in her pretrial disclosures and failed to provide them after an initial discovery request. After Mr. Cook filed a motion to compel discovery, the district court found the requested records were discoverable and ordered Ms. Parker to produce the records or file a specific objection with the court.

[¶7] Ms. Parker made a blanket objection to production of her medical and mental health records based on privilege and confidentiality. Mr. Cook renewed his motion to compel discovery of the medical and mental health records. At the hearing on the renewed motion, Mr. Cook requested the district court strike all of Ms. Parker's expert witnesses for her failure to comply with the court's orders. The district court again ordered Ms. Parker to produce the records and made clear a failure to comply may result in striking the expert witnesses. Ms. Parker still failed to produce the records.[1]

---

[1] In addition to discovery requests and court orders which required Ms. Parker to produce the records, subpoenas duces tecum directed the individual experts to produce the records. They did not comply. We note that the sanctions for failure to comply with discovery are found in W.R.C.P. 37. The sanction for a witness' failure to comply with a subpoena is found in W.R.C.P. 45(e).

[¶8]   Mr. Cook again moved to strike Ms. Parker's expert witnesses. The district court heard the motion at the beginning of the trial and excluded five of Ms. Parker's designated expert witnesses because Ms. Parker had not produced their records. Ms. Parker did not make an offer of proof as to what evidence those witnesses would have provided.

[¶9]   When a party fails to respond to a discovery request, the opposing party may move for an order compelling discovery. W.R.C.P. 37(a)(3)(B)(iv). If a party fails to comply with court orders compelling discovery, the court may prohibit the party "from introducing designated matters in evidence" or "from supporting or opposing designated claims or defenses." W.R.C.P. 37(b)(2)(A)(ii). However, for an issue to be considered on appeal, it must be "called to the attention of the trial court in a clear manner." *State ex rel., Dep't of Family Servs. v. Kisling,* 2013 WY 91, ¶ 16, 305 P.3d 1157, 1163 (Wyo. 2013). To challenge a trial court's ruling on a particular issue, a party must state the objection and the grounds for such objection. W.R.C.P. 46. Furthermore, error based on a trial court's ruling to exclude evidence cannot be raised unless the party makes an offer of proof in the trial court as to the substance of excluded evidence.[2] Wyoming Rule of Evidence (W.R.E.) 103(a)(2); *In Re Paternity of HLG*, 2016 WY 35, ¶ 29, 368 P.3d 902, 909 (Wyo. 2016); *Contreras v. Carbon Cnty. School Dist. No. 1*, 843 P.2d 589, 596 (Wyo. 1992). Without an offer of proof, "the appellate court will have a difficult time evaluating the propriety and effect" of the trial court's ruling and determining whether there was error. *Id.*

[¶10] Because Ms. Parker failed to provide an offer of proof as required by W.R.E. 103(a)(2), it is impossible for us to determine whether the excluded witnesses' testimony would have been relevant and admissible. As a result, we cannot determine that the district court improperly excluded the witnesses. Ms. Parker did not properly preserve this issue for our review.

### B. Did the district court err in permitting Mr. Cook's rebuttal witness to offer testimony about a collateral matter?

[¶11] Although Ms. Parker states this issue as "[d]id the Court err in permitting (Ms. Parker's) rebuttal witness to offer hearsay testimony," her argument to us does not address whether the testimony was, in fact, inadmissible hearsay. Rather, she argues the testimony was improper rebuttal because it was not directly related to evidence presented earlier in the trial.

[¶12] In her case in chief, Ms. Parker called SP, an older half-sibling of TMC and XMP, as a witness. In general, SP testified about his relationship with his siblings, the subject of this custody dispute, and events occurring in his mother's home. He expressed that he

---

[2] In some instances, the substance of excluded evidence may be apparent to the court during trial based on the context of the questions asked. W.R.E. 103(a)(2). Here, the ruling excluding witnesses was made pretrial, so there were no questions asked to provide the needed context. Consequently, W.R.E. 103 required an offer of proof.

thought his younger siblings should live with him and his mother. Mr. Cook called SP's former foster parent, Ms. Haskins, as a rebuttal witness. His attorney asked Ms. Haskins whether she had concerns for TMC and XMP if they lived in the same household as SP. Ms. Haskins answered, "very much so," and then attempted to support that opinion by relating statements SP allegedly made to her. Ms. Parker's attorney objected, stating, "I'm going to object to that statement on the basis of hearsay, Your Honor." The district court allowed the testimony. Later, Mr. Cook's attorney asked Ms. Haskins whether SP had told her of recent abuse Ms. Parker inflicted on him. Ms. Parker's counsel stated, "I still have an objection about hearsay …." The district court said, "I'm going to overrule."

[¶13] Ms. Parker now asserts Ms. Haskins' testimony was improper rebuttal and "collateral" to testimony provided earlier in the trial. At trial, however, the only objection she made to this testimony was that it was hearsay. Ms. Parker did not object that the testimony exceeded the proper scope of rebuttal. "We normally do not consider issues not raised or argued in the district court, except for those issues which are jurisdictional or are fundamental in nature." *Rush v. Golkowski*, 2021 WY 27, ¶ 35, 480 P.3d 1174, 1182 (Wyo. 2021) (citing *Smith v. Kelly*, 2019 WY 60, ¶ 22 n.5, 442 P.3d 297, 302 n.5 (Wyo. 2019)). The admissibility of this testimony is not a jurisdictional or fundamental issue. We decline to consider this argument, as it was not raised below.

### C. Did the district court err when it denied Ms. Parker's request to present surrebuttal testimony?

[¶14] Ms. Parker argues the district court erred when it denied her request to provide surrebuttal testimony. At the end of Ms. Haskins' rebuttal testimony, Ms. Parker's attorney stated, "I would like the opportunity to do surrebuttal with (two witnesses)." Without any further argument the district court ruled, "I'm not going to allow surrebuttal in this case." Ms. Parker's counsel did not make an offer of proof as to what evidence the proposed surrebuttal witnesses would have provided.

[¶15] It is within the district court's discretion whether to allow surrebuttal. *Janski v. State*, 538 P.2d 271, 279 (Wyo. 1975). We have previously held,

> "[w]hile it is true * * * that new facts brought out on rebuttal may properly be met by surrebuttal evidence, that rule does not permit surrebuttal merely to supply evidence which could have been given in chief or to cumulate additional evidence or to fortify evidence already given, or to supplement such evidence because it has been impeached upon rebuttal."

*Cook v. State*, 929 P. 2d 518, 520 (Wyo. 1996).

4

[¶16] Surrebuttal testimony is a form of rebuttal testimony. "The purpose of calling a rebuttal witness is to rebut evidence presented by the defense, not to bolster evidence already presented." *Fennell v. State*, 2015 WY 67 ¶ 46, 350 P.3d 710, 726 (Wyo. 2015). "Rebuttal evidence is . . . proper if it tends to refute or contradict the effect of the opponent's evidence . . . [or] to explain the effect of the opponent's evidence; however, it is improperly admitted if the rebuttal evidence concerns issues not raised by the opponent." *Id.* Without an offer of proof, we cannot determine what surrebuttal evidence Ms. Parker would have presented, and we cannot conclude that the district court abused its discretion by declining the request for surrebuttal.

## CONCLUSION

[¶17] Because Ms. Parker failed to make offers of proof demonstrating what evidence she would have presented, we conclude the district court acted within its discretion when it granted Mr. Cook's motion to strike five of Ms. Parker's expert witnesses and denied Ms. Parker's request to present surrebuttal testimony. We decline to address whether Mr. Cook presented improper rebuttal testimony because Ms. Parker did not adequately preserve that issue for our review.

[¶18] We affirm.

5