# IN THE SUPREME COURT, STATE OF WYOMING

## 2022 WY 32

OCTOBER TERM, A.D. 2021

March 2, 2022

NICHELLE ANN TUCKER n/k/a
NICHELLE ANN JOINER,

Appellant
(Plaintiff),

v.                                                          S-21-0181

LELON THOMAS TUCKER,

Appellee
(Defendant).

*Appeal from the District Court of Park County*
*The Honorable William J. Edelman, Judge*

*Representing Appellant:*
    Alex H. Sitz, III of Meinecke & Sitz, LLC, Cody, Wyoming.

*Representing Appellee:*
    Bethia D. Kalenak, Cody, Wyoming.

*Before FOX, C.J., and DAVIS\*, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

*\*Justice Davis retired from judicial office effective January 16, 2022, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (LexisNexis 2021), he was reassigned to act on this matter on January 18, 2022.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**BOOMGAARDEN, Justice.**

[¶1]    Nichelle Joiner (Mother) challenges the district court's order modifying Lelon Tucker's (Father's) child support obligation.  She primarily contends the court abused its discretion in calculating Father's income and the amount of time he has custody of their three children.  She also contends the court's delay in issuing its order is reversible error and the manner in which it decided child support denied her due process.  We reverse and remand for further proceedings.

## ISSUE

[¶2]    Mother's first issue is dispositive:

> Whether the district court abused its discretion in modifying child support.

## FACTS

[¶3]    Mother and Father married in 2003 and had three children, who were born in 2008, 2010, and 2011.  Their November 2013 divorce decree incorporated their Property Settlement & Child Custody Agreement.  Pursuant to that agreement, they had joint legal custody, Mother had primary custody, and Father paid no child support.[1]

[¶4]    The procedural history pertaining to subsequent modification of that agreement is torturous and shadowed by inexplicable delay.[2]  In June 2017, the State of Wyoming petitioned to modify child support.[3]  As grounds for modification, the State alleged the existing support order was entered more than six months prior or had not been adjusted within six months and the support required would change by 20 percent or more.  *See* Wyo. Stat. Ann. § 20-2-311(a) (LexisNexis 2021).  It further alleged that the parties' net income had substantially changed and their obligation to provide health care required modification.

---

[1] The parties agreed it was reasonable for Father to pay no child support due to their disparate incomes, Father's agreement to equally contribute to the children's clothing, supplies, and extracurricular activities, and the expenses Father would incur to establish a new residence suitable for visitation.  *See* Wyo. Stat. Ann. § 20-2-307 (LexisNexis 2021) (addressing deviations from the presumptive child support amount).

[2] In *Castellow*, we concluded that the district court's 10-month delay in issuing a decision letter and 13-month delay in issuing a final order, though troubling, did not warrant reversal.  *Castellow v. Pettengill*, 2021 WY 88, ¶¶ 8–9, 492 P.3d 894, 897–98 (Wyo. 2021).  We reasoned that Rule 902 of the Uniform Rules for District Courts, which states that courts must decide all civil matters with dispatch, lacks a firm standard or a sanction.  *Id.* ¶ 9, 492 P.3d at 897.  Further, under the circumstances, "reversal for inordinate delay would only extend the proceeding and would not serve the purpose of expeditiously resolving cases."  *Id.* ¶ 9, 492 P.3d at 898.

[3] The parties characterize this as Mother's petition, but the State filed the petition in conjunction with its administration of child support establishment and enforcement services.  And the petition named Mother as a respondent, along with Father.

*See id.* The State requested the following relief: adjustment of child support, judgment against the non-custodial parent for accrued child support, an order addressing medical insurance coverage or a cash medical equivalent, and costs.

[¶5]    In January 2018, Father petitioned to modify custody and support. He claimed there had been a material change in circumstances since February 2013 in that the children primarily resided with him for the past two years, Mother sold the marital residence where they agreed she would raise the children, and Mother had a series of romantic relationships that negatively impacted her ability to care for the children. Father requested primary custody,[4] adjustment of child support and medical insurance, and an order requiring Mother to pay child support retroactive to the date he began exercising primary custody.

[¶6]    In February 2018, the court entered a temporary support order on the State's petition. Based on Father's monthly net income of $2,600, Mother's monthly net income of $2,845, and the custody arrangement, the court determined that Father's presumptive child support obligation was $832 per month. It reserved the issue of accrued support for July to September 2017 and entered judgment against Father for $2,496 for October to December 2017. It then ordered Father to pay $832 per month commencing on January 1, 2018.[5] The temporary order would "remain in effect until further order of the court" because Father's petition to modify custody was pending.[6]

[¶7]    The court held a bench trial on Father's petition in March 2019. Pertinent to this appeal, Father claimed he had custody of the children for the majority of 2016 and 2017. He also briefly addressed child support and his income but custody modification was the central focus of trial.

[¶8]    After closing arguments, the court issued an oral ruling and asked Mother's counsel to draft the order. The court found Father failed to establish a material change in circumstances. Though the evidence established Father had primary custody for a major portion of 2016 and 2017, by the time he filed his petition in January 2018, primary custody had reverted back to Mother. In addition, there was no evidence the parties agreed Mother had to remain in the marital residence. Nor was there any evidence her relationships had adversely impacted the children. Furthermore, Father failed to establish it would be in the children's best interests for him to have primary custody.

[¶9]    As to child support, the court explained that it would direct the parties to submit, within the next 30 days, a spreadsheet outlining what the appropriate statutory amount

---

[4] At trial, Father testified that he wanted joint custody.

[5] The case was reassigned to the current judge in March 2018.

[6] The State does not appear to have been included in the proceedings after the court issued the temporary support order, though it was provided a copy of the final order. The record is unclear why the State was cut out of the proceedings.

should be.  It also wanted them to address Father's child support obligation and whether he was behind or ahead on his payments.

[¶10]  The court did not issue its written order until one year later, in March 2020. Consistent with its oral ruling, the court found Father failed to establish a material change in circumstances or that it would be in the children's best interests for him to have primary custody.  It then ordered the parties to update their financial affidavits within 30 days and submit written proposals addressing "the amount of statutory child support that they believe should be ordered since July 1, 2017, the total amount of child support that [Father had paid] since July 1, 2017, and a conclusion of whether [Father] is currently in arrears or should be given credit for any previous child support payments."  Over the following months, each party submitted a financial affidavit on the form mandated by Wyo. Stat. Ann. § 20-2-308, as well as a support proposal.

[¶11]  Father's July 2020 financial affidavit listed his gross monthly income as $3,520 and his net monthly income as $2,019.[7]  He claimed $1,501 total in mandatory deductions— $320 for federal income tax, $218 for social security tax, $51 for Medicare tax, and $912 for "[c]urrent [c]hild [s]upport [p]aid for [o]ther [c]hildren[.]"  His affidavit identified no "other children."

[¶12]  Father attached a copy of his 2019 W-2, which reflected that his compensation was $51,884 and his withholdings were $5,070 for federal income tax, $3,216 for social security tax, and $752 for Medicare tax.  He also attached paycheck information for several pay periods.  The legible documents for pay periods ending on December 31, 2019, February 1, 2020, and February 16, 2020, listed his gross monthly income as $1,875 and his net monthly income, after taxes and child support, as approximately $1,134.

[¶13]  Mother's June 2020 financial affidavit stated that her gross monthly income was $3,642 and her net monthly income was $3,119.  She attached copies of her 2018 tax return, 2018 W-2, 2019 tax return, 2019 W-2, and payroll information for March and April 2020.

[¶14]  In his child support calculation, Father claimed Mother owed him $906 per month for July to December 2017 ($5,438 total), noting the court found he had primary custody of the children for that period.  He calculated his current support obligation to be $134 because Mother's net monthly income was $3,119, his was $2,019, and they had a shared custody arrangement in which he had the children 33.9 percent of the time.[8]  Father claimed that, through June 2020, he had paid $26,002 toward child support but he had "overpaid

---

[7] For simplicity, we represent the parents' income and any child support calculations using whole dollar amounts.

[8] Effective July 1, 2018, Wyo. Stat. Ann. § 20-2-304(c), which addresses joint presumptive child support circumstances, was amended to apply when, among other requirements, each parent keeps the children overnight for more than 25 percent of the year, instead of more than 40 percent of the year.  2018 Wyo. Sess. Laws ch. 42, §§ 1, 3.  Father argued the court should apply the more than 25 percent requirement.

3

his child support obligation by $27,418[.]"  Moreover, from July 2020 through the age of majority of his children, he would incur an additional $13,806 in support obligations.  Given his current overpayment and future obligation, Father wanted a $13,611 refund plus any amount he overpaid while awaiting the court's order.  Father requested the court order Mother to immediately reimburse him $14,898, plus any further overpayment, and order that he pay no future child support.

[¶15]  In her calculation, Mother informed the court she did not want to pursue child support for July to September 2017 even though she had primary custody for that period.  She then noted the temporary support order was in place from October 2017 to September 2020 and Father appeared to be current on his obligations.

[¶16]  Mother proposed Father continue paying $832 per month.  Based on his 2019 W-2, she calculated his net monthly income as $3,570, not $2,109 as he claimed.  Mother also disputed Father's assertion that he has the children 33.9 percent of the time under the 2013 divorce decree, conceded he has the children 25 percent of the time, and maintained that, even under the current version of Wyo. Stat. Ann. § 20-2-304(c), his child support obligation is $830 per month.

[¶17]  Furthermore, Mother objected to Father's child support calculation on grounds that he failed to provide his 2018 tax return and W-2 to verify his income.  He also deducted $912 from his monthly income for support for other children when he had no other known children to support.

[¶18]  In March 2021, Father moved the court to immediately cease his child support payments, noting the court had not yet issued an order on child support.  Father explained that his financial circumstances had changed such that he would be entitled to modification but, because the court had not yet entered a child support order, there was no order on which to request modification.  By Father's calculation, he had been overpaying child support since the temporary order was entered in February 2018, causing him financial difficulties.  Father believed the court had sufficient information to calculate and make appropriate orders on child support.  To stop the overpayment, he requested the court allow him to stop paying until the court entered its final order.  The court granted Father's motion and ordered his child support obligation immediately cease and not resume until further court order.

[¶19]  Two months later, the court issued its order modifying child support.[9]  Without addressing Mother's objections to Father's financial affidavit, the court adopted the

---

[9] As to its delay in issuing the order, the court stated that the record was somewhat unclear but the order memorializing trial was not presented to the court for almost one year.  Then the court received some limited information about proposed child support calculations.  Courtesy copies of requests for a child support order, if submitted, were sent to an email address the court no longer used, as staff had changed.  As a

4

information contained therein. It found Mother's net monthly income was $3,119 and Father's was $2,019. They had a joint custody arrangement in which the children resided with Father for 33.9 percent of the year. The total presumptive child support obligation was $1,172, of which Father's share was $519 and Mother's was $653. The court thus modified Father's child support obligation to $134 per month commencing August 1, 2017,[10] but did not address any overages he may have paid to date. Mother timely appealed.

## DISCUSSION

[¶20] We review the district court's order modifying child support for an abuse of discretion. *Taulo-Millar v. Hognason*, 2022 WY 8, ¶ 14, 501 P.3d 1274, 1279 (Wyo. 2022); *Marquis v. Marquis*, 2020 WY 141, ¶ 20, 476 P.3d 212, 218 (Wyo. 2020).

> A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. Our review entails evaluation of the sufficiency of the evidence to support the district court's decision, and we afford the prevailing party every favorable inference while omitting any consideration of evidence presented by the unsuccessful party. Findings of fact not supported by the evidence, contrary to the evidence, or against the great weight of the evidence cannot be sustained.

*Lemus v. Martinez*, 2021 WY 66, ¶ 32, 486 P.3d 1000, 1011 (Wyo. 2021) (*Lemus II*) (citations omitted).

[¶21] Child support calculations are governed by statute. Wyo. Stat. Ann. §§ 20-2-301 through -308. A child support order may be modified under § 20-2-311(a), which states in relevant part:

> (a) Any party, or the department of family services in the case of child support orders being enforced by the department, may petition for a review and adjustment of any child support order that was entered more than six (6) months prior to the petition

---

result, the court was not contacted until early 2021 about a final child support order. Given the passage of time, the court revisited the pleadings and reviewed the transcript in preparing the order.

[10] The court thus modified support to the date Father was served with the State's petition. *See* Wyo. Stat. Ann. § 20-2-311(d) ("An order for child support is not subject to retroactive modification except: (i) Upon agreement of the parties; or (ii) The order may be modified with respect to any period during which a petition for modification is pending, but only from the date notice of that petition was served upon the obligee as provided by the Wyoming Rules of Civil Procedure, if the obligor or the department is the petitioner, or to the obligor, if the obligee or the department is the petitioner.").

or which has not been adjusted within six (6) months from the date of filing of the petition for review and adjustment. The petition shall allege that, in applying the presumptive child support established by this article, the support amount will change by twenty percent (20%) or more per month from the amount of the existing order. The court shall require the parents to complete a verified financial statement on forms approved by the Wyoming supreme court, and shall apply the presumptive child support set out in this article in conducting the review and adjustment. If, upon applying the presumptive child support to the circumstances of the parents or child at the time of the review, the court finds that the support amount would change by twenty percent (20%) or more per month from the amount of the existing order, the court shall consider there to be a change of circumstances sufficient to justify the modification of the support order.

Wyo. Stat. Ann. § 20-2-311(a).

[¶22] The court's authority to modify child support from the amount required under the 2013 divorce decree is not in dispute. *Cf. Kimzey v. Kimzey*, 2020 WY 52, ¶¶ 1–2, 13–26, 461 P.3d 1229, 1233, 1235–38 (Wyo. 2020) (agreeing with father that the district court abused its discretion when it modified his child support obligation from the amount in the parties' stipulated decree without requiring mother to show a change in circumstances other than a 20 percent change in the presumptive support amount); *see also Brown v. Brown*, 2021 WY 26, ¶ 12, 480 P.3d 524, 526 (Wyo. 2021) (discussing the "heightened requirement for modification of a child support order which was stipulated to by the parties and deviated from the guidelines in existence at the time the judgment was entered"). Instead, Mother argues the court abused its discretion in numerous ways in calculating Father's child support obligation, thus lowering it from the amount set forth in the February 2018 temporary support order.

## Father's Income

[¶23] Determining each parent's monthly income and net monthly income is the first step in calculating child support. *Lemus II*, ¶ 33, 486 P.3d at 1011 (citing *Marquis*, ¶ 21, 476 P.3d at 218). The definitions of "income" and "net income" found in § 20-2-303(a) control:

(ii) "Income" means any form of payment or return in money or in kind to an individual, regardless of source. Income includes, but is not limited to wages, earnings, salary, commission, compensation as an independent contractor, temporary total disability, permanent partial disability and

permanent total disability worker's compensation payments, unemployment compensation, disability, annuity and retirement benefits, and any other payments made by any payor[.]

. . . .

(iii) "Net income" means income as defined in paragraph (ii) of this subsection less personal income taxes, social security deductions, cost of dependent health care coverage for all dependent children, actual payments being made under preexisting support orders for current support of other children, other court-ordered support obligations currently being paid and mandatory pension deductions. Payments towards child support arrearage shall not be deducted to arrive at net income[.]

Wyo. Stat. Ann. § 20-2-303(a)(ii), (iii) (LexisNexis 2021).

[¶24] Section 20-2-308(a) addresses the information the district court must have before establishing or modifying child support: "No order establishing or modifying a child support obligation shall be entered unless financial affidavits on a form approved by the Wyoming supreme court which fully discloses the financial status of the parties have been filed, or the court has held a hearing and testimony has been received." Subsection (b) addresses the documentation required to support a financial affidavit:

Financial affidavits of the parties shall be supported with documentation of both current and past earnings. Suitable documentation of current earnings includes but is not limited to pay stubs, employer statements, or receipts and expenses if self-employed. Documentation of current earnings shall be supplemented with copies of the most recent tax return to provide verification of earnings over a longer period.

"Section 20-2-308's requirements are mandatory." *Lemus v. Martinez*, 2019 WY 52, ¶ 21, 441 P.3d 831, 836 (Wyo. 2019) (*Lemus I*) (citations omitted); *cf. Long v. Long*, 2018 WY 26, ¶ 30, 413 P.3d 117, 127 (Wyo. 2018) ("[W]e will not allow Husband to disregard a statutory requirement (financial affidavit) and then complain that his failure to comply with the requirement deprived him of an accurate child support calculation.").

[¶25] In *Lemus I*, we distinguished child support determinations from other civil matters, where failure to provide sufficient evidence results in denial of relief to the party with the burden of proof. ¶ 26, 441 P.3d at 837 (citations omitted). Under § 20-2-308, the court

may not fall back on a failure of proof, it instead must "ensure the parties provide sufficient financial information, in the form of proper financial affidavits and/or trial evidence, before it makes a child support determination." *Id.* (citations omitted).

[¶26]   On reviewing the record, we conclude the court abused its discretion by modifying child support without first having sufficient information about Father's finances. *See id.* ¶¶ 18–33, 441 P.3d at 835–39. We agree with Mother that Father's affidavit suffers several deficiencies.

[¶27]   First, Father's financial affidavit did not fully disclose his financial status.  The affidavit form Father filled out expressly stated "[y]ou must attach copies of your tax returns and W-2 forms for the most recent two years[.]"  Father attached a copy of his 2019 W-2, but not copies of his 2019 income tax return, 2018 income tax return, or 2018 W-2. Nor had he previously provided that information to the court.

[¶28]   In addition, Father's financial affidavit and 2019 W-2 were inconsistent.  The affidavit identified his gross monthly income as $3,520 and net monthly income as $2,019. But the 2019 W-2 identified his compensation as $51,884 and his allowable deductions as $5,070 for federal income tax, $3,216 for social security tax, and $752 for Medicare tax. Thus, his net income was $42,846 ($51,884 minus $9,038) and his net monthly income was $3,570 ($42,846 divided by 12).  Though Father suggests his W-2 clearly includes overtime, the record is not so clear, and in any event, overtime may be included as income under certain circumstances.  *See* Wyo. Stat. Ann. § 20-2-303(a)(ii) (explaining that income "shall not include any earnings derived from overtime work unless the court, after considering all overtime earnings derived in the preceding twenty-four (24) month period, determines the overtime earnings can reasonably be expected to continue on a consistent basis").  The court made no determination about overtime.

[¶29]   Finally, Father deducted $912 for "[c]urrent [c]hild [s]upport [p]aid for [o]ther [c]hildren" without identifying any other children for whom he pays child support.  The affidavit form included three sections to list children.  In the section to "[l]ist all child(ren) involved in this matter[,]" Father listed his three children with Mother.  (Emphasis omitted.)  He left blank the section to "[l]ist your minor children (not named above) who live with you" and the section to "[l]ist your minor children (not named above) who do not live with you but for whom you are court-ordered to pay child support[.]"  (Emphasis omitted.)  At trial, Father testified that he has three children and then identified his children with Mother.  He did not address any other children for whom he paid child support elsewhere in the record nor does he address Mother's argument about this issue on appeal.

[¶30]   Though a deficient financial affidavit may be remedied by the court ordering the parent to provide additional information and/or holding an evidentiary hearing, the court did neither after the parties submitted their 2020 affidavits and calculations.  In March 2020, the court ordered the parties to submit their financial affidavits and support

calculations. They did so and then, a year later, Father brought to the court's attention that it had not yet ruled on child support. Two months later, the court modified child support. Father argues he provided adequate testimony about his finances at trial in March 2019, but his 2019 testimony was limited and related to facts as they existed well before the parties updated their financial information.

[¶31] Section 20-2-308 requires the district court, before making a child support determination, to obtain sufficient financial information in the form of proper financial affidavits and/or evidence obtained through hearing. *Lemus I*, ¶ 26, 441 P.3d at 837. The district court did not have sufficient information about Father's finances and abused its discretion by modifying child support in the absence of such information.

## *CONCLUSION*

[¶32] We reverse the district court's order modifying child support and remand for further proceedings consistent with this decision. On remand, the court should promptly consider the extent to which the State must be included in the proceedings to calculate child support, as the support modification issue first came before the court on the State's petition. The court also should promptly consider how to best calculate child support when so much time has passed, *see, e.g.*, *Marquis*, ¶¶ 7–10, 476 P.3d at 215–16 (separately calculating Father's net income for each year and then averaging them), and carefully explain its calculation. The order should address any objections the parties may raise, any arrears Father may owe or overpayment he may have made, and any unresolved matters related to the State's petition, thus ensuring the order resolves all issues and the record is adequate for any subsequent review.